UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIOVANI DEPIANTI, GRASIELLE REGINA DOS SANTOS, HYUN KI KIM, KYU JIN RO, GERARDO VAZQUEZ, GLORIA ROMAN, JUAN AGUILAR, NICOLE RHODES, MATEO GARDUNO, CHIARA HARRIS, TODOR SINAPOV and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-Civ-10663<br>) (MLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONFIDENTIALITY STIPULATION AND ORDER**

The parties agree that certain business information that will be exchanged during

discovery is confidential and should be protected from re-disclosure to any third party, disclosure

in the public domain, and, in particular, protected from use for any purpose (including any other

litigation) outside of the above-captioned specific litigation.  As such, and for such purposes, the

parties stipulate to the terms of the following confidentiality provisions, and request that the

Court enter an Order as follows:

1.       As used herein, the following words shall have the following meanings:

a.       "CONFIDENTIAL" means any material or information which the

producing party or, as applicable, non-party reasonably believes is not in the public

domain (*i.e.*, not generally known) and contains methods of operation, corporate forms,

procedures, research, client information, operational information, training material,

marketing material, pricing and/or financial data of the producing party.

b.      "Court" means the United States District Court for the District of

Massachusetts in the Commonwealth of Massachusetts;

c.      "Defendant" means Jan-Pro Franchising International, Inc. and its

officers, directors and W-2 employees.

d.      "Designated Material" means any material designated as

"CONFIDENTIAL" as defined below;

e.      "Disclosed" is used in its broadest sense and includes, *inter alia*,

shown, divulged, revealed, produced, described or transmitted, in whole or in part;

f.      "Discovery" is given the same meaning as ascribed to it under the

Federal Rules of Civil Procedure;

g.      "Non-party" means any natural person (acting in their individual or

some other capacity), partnership, corporation, association or other legal entity not named

as a party in the above-captioned action and pending in this Court including, but not

limited to, the regional master franchisees who have contracted with each of the

Plaintiffs;

h.      "Outside Counsel" means the counsel of record in this action and

their law firms as well as any attorney subsequently retained or designated by the parties

to appear in this action;

i.      "Party" or "parties" means the Plaintiffs and/or Defendant in this

action;

BOST_941457.2

j.      "Plaintiffs" mean the above-named individuals or, if this case is certified as a class action, any class member.

k.      "Protected Person" means any party or non-party who furnishes or has furnished any Designated Material to any party that is sought in discovery in this action; and

l.      "This action" means the civil action captioned above and pending in this Court.

2.      This Stipulation and Order shall be applicable to, and shall govern, all documents, deposition testimony, answers to interrogatories, answers to requests for admission and other discovery, whether informally produced or produced in response to a formal discovery request, which the Protected Person has designated "CONFIDENTIAL. "

3.      In responding to formal or informal requests for discovery or information in this action, any Protected Person may designate as "CONFIDENTIAL" any of the documents or other discovery material described in Paragraph 2 that the Protected Person in good faith believes meets the definition of "CONFIDENTIAL" set forth above.

4.      Designated Material denominated as CONFIDENTIAL pursuant to this Protective Order may be disclosed only to:

a.      the Court and all persons assisting the Court in this action, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in the manner set forth in Paragraph 7 below;

b.      Outside Counsel and the employees of such Outside Counsel;

c.      Expert consultants, whether or not designated as a witness;

BOST_941457.2

d.      outside vendors who perform photocopying or similar clerical functions in connection with this action, but only for so long as necessary to perform those services; and

e.      the parties to this action, or officers or employees of the parties (only while employed by said party) provided that Outside Counsel for the receiving party reasonably believes that disclosure to such persons is necessary to assist in the prosecution or defense of this action;

and provided that, before making disclosure of Designated Material in accordance with the provisions of sub-paragraph (c) of this paragraph, counsel for the party intending to make disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit A) from the person to whom disclosure is to be made reciting that he or she has read a copy of this Stipulation and Order and agrees to be bound by the provisions contained herein.

5.      No party, any individual associated with a party and/or Outside Counsel shall use Designated Material for any purpose other than litigating this action.

6.      The designation of discovery material as "CONFIDENTIAL" for purposes of this Stipulation and Order shall be made in the following manner:

(a)  with respect to documents or other materials (apart from deposition testimony): by (i) written notice identifying the "CONFIDENTIAL" document, answers to interrogatories, answers to requests for admission or other information or discovery material or (ii) by stamping each page of such material as "CONFIDENTIAL." The Designated Material, and all copies, excerpts, summaries or other disclosures of the Designated Material, shall be treated in accordance with the terms of this Order;

(b)  in the case of depositions, designation of a portion or all of the transcript (including exhibits) that contains "CONFIDENTIAL" information shall be made by a

BOST_941457.2

statement to such effect on the record during the course of the deposition, or within ten

(10) business days after a rough draft of the deposition transcript becomes available.  In

this latter circumstance, the Protected Person designating testimony as

"CONFIDENTIAL" shall notify the court reporter of the pages and line numbers of the

"CONFIDENTIAL" testimony, with a copy to counsel to all other parties.  If the

designation is made with regard to only a portion of the deposition, the reporter attending

such deposition shall thereafter bind the transcript thereof in separate portions containing

the non-confidential material and Designated Material, and the reporter shall place the

appropriate legend on the cover of the "CONFIDENTIAL" portions of the transcript.  The

parties may modify this procedure for any particular deposition through agreement of all

Protected Persons attending such deposition, as reflected on the record of such deposition,

without further order.

7.      Designated Material used as exhibits to or incorporated in any other manner in

briefs, memoranda, deposition transcripts or other documents filed with the Court shall be

protected as follows:  To the extent that any brief, memorandum, deposition transcript or other

document submitted to the Court incorporates or refers to the substance of any information

contained in any Designated Material, such brief, memorandum, deposition transcript or other

document or portion thereof shall be filed under seal.

8.      Any party shall have the right to challenge any designation of confidentiality by

any Protected Person by making application to the Court that the Designated Material not be

treated as "CONFIDENTIAL."  In any such application, the burden of justifying any designation

shall be on the person making such designation.  Before seeking any relief from the Court under

this paragraph, the parties shall make a good faith effort to resolve any dispute concerning the

BOST_941457.2

confidential treatment of any document.  During the pendency of said dispute, said documents,
deposition testimony, answers to interrogatories, answers to requests for admission and/or other
discovery shall be treated as "CONFIDENTIAL" in accordance with the designation by the
Protected Person and the terms of this Stipulation and Order.

9.     This Order has no effect upon, and shall not apply to: (a) any Protected Person's
use of its own Designated Material for any purpose; (b) a party's use of documents developed or
obtained independent of discovery in this action for any purpose, even if another copy of the
same document has been designated as "CONFIDENTIAL" pursuant to this Order; or (c)
documents or other materials that are in the public domain in a form that is the same or
substantially similar to that produced in this litigation.

10.     Inadvertent production of any document(s), answers to interrogatories, answers to
requests for admission, and other discovery without designating such material as
"CONFIDENTIAL" shall not itself be deemed a waiver of the Protected Person's claim of
confidentiality as to such material, and the Protected Person may within ten (10) days after
discovery of the inadvertent production designate the same as "CONFIDENTIAL."  Disclosure
by any party of such matter prior to notice by the Protected Person of the confidential nature
thereof shall not be deemed a violation of this Order, but in all events, any person receiving a
copy of "CONFIDENTIAL" material who not entitled to see such material pursuant to the terms
of this Stipulation and Order, shall immediately return all such material and return any copies of
such material to the Producing Party.

11.     In the event any additional party joins or is joined in this action, the newly joined
party shall be subject to the terms and conditions of this Order, unless and until this Court
modifies any of the terms and/or conditions of this Order.

BOST_941457.2

12.     Nothing in this Order shall prevent disclosure of Designated Material with the written consent of counsel for the designating party or Protected Person.

13.     Within sixty (60) days of the final conclusion of this action, including, without limitation, any appeal or retrial, all counsel and every person to whom Designated Material has been disclosed shall return such Designated Material to Outside Counsel for the Protected Person, including all copies thereof, with the exception that counsel of record may retain for their files one copy of any pleadings or deposition transcripts served or filed in this action which contain Designated Material.

14.     The parties agree to submit this Stipulation and Order to the Court for approval. All parties agree to be bound by the terms herein, however, from the time of execution by the parties' attorneys (who are authorized to execute this Order on behalf of the parties) and prior to any action by the Court.  The parties also agree to comply with any decision eventually made by the Court.  Even if the Court declines to endorse this Order as an order of the Court, however, the parties agree to be contractually bound by the terms hereof.

15.     This Order shall be governed by and construed in accordance with applicable federal laws and the laws of the Commonwealth of Massachusetts, without regard to the rules governing conflict of laws.  The parties acknowledge that they may not be reasonably compensated by an award of damages and will be irreparably harmed in the event there is unauthorized use or disclosure of Designated Material or if there is a breach of this Order, and that the parties shall be entitled to, in addition to all other forms of relief, preliminary and permanent injunctive relief to prevent irreparable harm.  If any action in law or equity is necessary to enforce the terms of this Order (including but not limited to any Motion or pleading before this Court, other than a Motion as contemplated in paragraph 8 above), the prevailing

7

BOST_941457.2

party (including but not limited to the party that prevails in a Motion for preliminary injunctive relief) shall be entitled to the reasonable attorneys' fees, legal costs, and expenses incurred in so doing.

16.     The obligations of this Stipulation and Order shall survive the termination of this action and continue to bind the parties and all persons above or who have executed confidentiality agreements in the form attached hereto as Exhibit A.  The parties and all such persons consent to the exclusive jurisdiction of this Court for any litigation concerning this Order.  This Court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

BOST_941457.2

Agreed to and respectfully submitted this 12th day of February 2009,

PLAINTIFFS

By their attorneys,

/s/ Hillary Schwab
Shannon Liss-Riordan, BBO #640716
Harold Lichten, BBO #549689
Hillary Schwab, BBO #666029
PYLE ROME LICHTEN
EHRENBERG AND LISS-RIORDAN
18 Tremont Street, Suite 500
Boston, MA 02110

JAN-PRO FRANCHISING INTERNATIONAL, INC.

By its attorneys,

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin, BBO # 629216
jrosin@foley.com
Sierra Pino, BBO # 663941
spino@foley.com
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199


This Confidentiality Stipulation and Order is hereby approved as an Order of this Court.

So ordered.
Dated: _____, 2009

_____
The Honorable Mark L. Wolf

9

BOST_941457.2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIOVANI DEPIANTI, GRASIELLE REGINA DOS SANTOS, HYUN KI KIM, KYU JIN RO, GERARDO VAZQUEZ, GLORIA ROMAN, JUAN AGUILAR, NICOLE RHODES, MATEO GARDUNO, CHIARA HARRIS, TODOR SINAPOV and all others similarly situated,<br><br>        Plaintiffs,<br><br>            v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-Civ-10663<br>) (MLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNDERTAKING FOR CONFIDENTIALITY STIPULATION AND ORDER

I, _____, declare that:

1.      My address is _____

_____.

2.      I have received a copy of the Confidentiality Stipulation and Order in this action,

and have carefully read and understand its provisions.

3.      I will comply with all of the provisions of such Stipulation and Order.  I will hold

in confidence, will not disclose to anyone other than those persons specifically authorized by the

Stipulation and Order, and will not copy or use for purposes other than for this lawsuit, any

information designated thereunder, except as expressly permitted thereunder.

Signature: _____

Date: _____, 2009

10

BOST_941457.2