**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                    )
GIOVANI DEPIANTI, HYUN KI KIM,      )
KYU JIN ROH, GERARDO VAZQUEZ,       )
GLORIA ROMAN, JUAN AGUILAR,         )
NICOLE RHODES, MATEO GARDUNO,       )
CHIARA HARRIS, TODOR SINAPOV,       )
and all others similarly situated,  )
                                    )
        Plaintiffs,                 )
                                    ) Civil Action No. 08-10663-MLW
v.                                  )
                                    )
JAN-PRO FRANCHISING                 )
INTERNATIONAL, INC.,                )
                                    )
        Defendant.                  )
_____)

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR PERMISSION TO FILE 17-PAGE SUPPLEMENTAL RESPONSE**

The Court should not permit Jan-Pro Franchising International's ("Jan-Pro") continued attempt to weigh this case down with even more paper. Its filings (if printed) would have already killed a forest. Today Jan-Pro has moved to file a 17-page supplemental memorandum responding to Plaintiffs' argument at the April 16, 2010, hearing on summary judgment.[1] Usually, parties wait to see if a Court requests additional briefing after an oral argument, or they may submit supplemental authorities which represent new law not available when their original papers were filed. Jan-Pro has done neither, but instead has taken it upon itself to further drown the Court and

---

[1] Yesterday, Jan-Pro simply filed the memorandum, without even requesting leave of Court, or assent of Plaintiffs. After Plaintiffs moved to strike the unauthorized filing, Jan-Pro has now refiled its paper as an attachment to a motion to file the submission. This motion again violates Local Rule 7.1(B)(3), which requires all parties to seek the Court's permission before filing any brief not governed by Local Rule 7.1(B)(1) and (2).

1

parties in paper and argument. The Court has already indicated its initial thoughts on the pending motions, and Jan-Pro should not be permitted to continue this argument beyond the hearing, and submit authorities and argument that it did not think to present prior to the hearing in its thousands of pages of submission already on file.

At the thorough three-hour hearing held on April 16, 2010, the Court did not order or request the parties to submit additional briefing on any issues, nor did it suggest that such briefing would be necessary or appropriate in order for it to reach a decision. Prior to the hearing, both parties had already submitted substantial briefing on their respective motions for summary judgment, including statements of fact, oppositions, replies, sur-replies, objections and motions to strike. See Docket Nos. 65, 66, 67, 68, 69, 73, 75, 76, 77, 79, 81, 83, 86. Indeed, Jan-Pro already submitted another "supplemental memorandum" prior to oral argument in this case, to which it attached five exhibits. Docket No. 88. On top of all this briefing, Jan-Pro now apparently believes that it is entitled to an additional 17-page memorandum because the issues at stake in this litigation are of "tremendous importance" to it. Any party with a matter before the Court will believe the issues at stake are of "tremendous importance", but that does not allow a party to flout court rules and just continue filing more paper.[2]

Such blatant attempts to re-brief arguments and analysis which this Court has already reviewed, and which the parties have already had a full opportunity to address, should not be countenanced. As the district court observed in General Elec. Co. v.

---

[2] While Jan-Pro contends that Plaintiffs have "misled" the Court by claiming that its supplemental memorandum contains no new cases or authorities, it is the opposite which is, in fact, true. **None** of the cases cited by Jan-Pro in its 17-page memorandum have been issued since April 16, 2010, when the Court held its hearing on the parties' cross-motions for summary judgment. Rather, each of the cases relied upon by Jan-Pro in its supplemental memorandum were issued well before the parties even began their briefing on summary judgment. Thus, Jan-Pro could have brought those cases to the Court's attention well in advance of the hearing.

2

<u>Latin American Imports, S.A.</u>, memoranda concerning supplemental authorities, "when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law—<u>not</u> for recently <u>discovered</u> case law, nor for arguments which the parties did not think to make in their pleadings." 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001) (emphasis original).  Similarly, as the district court held in <u>Boppy Co. v. Luvee Prods. Co.</u>, "new decisions are not an opportunity for the parties to re-argue points that have already been raised.  Unless the new decision states a new principle of law that had not been explored in earlier briefing, a notice of supplemental authority need only consist of the citation to the case, not additional arguments." 2004 WL 2608265, at *2 (D. Colo. 2004).

Accordingly, Plaintiffs respectfully request that this Court deny Jan-Pro's motion to file a supplemental memorandum addressing issues raised at the April 16, 2010 hearing.

>Respectfully submitted,
>
>GIOVANI DEPIANTI, <u>et al.</u>, and all others similarly situated,
>
>By their attorneys,
>
> /s/ Shannon Liss-Riordan
>Shannon Liss-Riordan, BBO #640716
>Harold L. Lichten, BBO #549689
>Hillary Schwab, BBO #666029
>LICHTEN & LISS-RIORDAN, P.C.
>100 Cambridge Street, 20th Floor
>Boston, MA 02114
>(617) 994-5800

Dated: April 28, 2010

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2010, I served a copy of this motion by electronic filing on all counsel of record in this case.

                                          /s/ Shannon Liss-Riordan
                                          Shannon Liss-Riordan, Esq.