# Tab A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAN-PRO FRANCHISING INTERNATIONAL, INC., | ) ) ) ) | **FILED IN OFFICE** AUG 2 8 2007 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO.: 2007CV135416 |
| GIOVANI DEPIANTI and HYUN KI KIM. | ) ) ) | |
| Defendants. | | |

## SECOND AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Jan-Pro Franchising International, Inc. ("Jan-Pro Franchising"), states its Second Amended Complaint for Declaratory and Injunctive Relief against Defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff, with its principal place of business in Alpharetta, Georgia, is a franchisor of regional master franchises. Regional Master Franchisees, which acquire the regional master franchises from Plaintiff, secure the right to offer unit franchises to operate janitorial and building maintenance service businesses.

2.  Defendants Giovani Depianti and Hyun Ki Kim ("Defendants") are individual unit franchisees of two different Regional Master Franchisees that administer Jan-Pro unit franchises.

3.  Defendants are subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91. Defendants have alleged in arbitration proceedings in Massachusetts that Jan-Pro Franchising, a corporation headquartered in Georgia, is their "employer." Defendants have

also sent correspondence directly into Georgia in connection with the claims at issue in this case. Since Defendants allege that they are Jan-Pro Franchising "employees," and presumably hold such a belief, they must certainly have expected that they may be haled to court in Georgia, the home state of their alleged "employer." Moreover, Defendant Depianti purports to represent a class of similarly situated unit franchisees, not just in Massachusetts, but apparently also in Georgia.

4. Venue is proper in this Court pursuant to Article 6, Section 2, Paragraph 6 of the Georgia Constitution and O.C.G.A. § 9-10-93.

## FACTUAL BACKGROUND

5. Jan-Pro Franchising is a franchising company located in Alpharetta, Georgia. Jan-Pro Franchising has over 85 Regional Master Franchisees in four countries, and those Regional Master Franchisees have over 5,000 unit franchisees among them.

6. Jan-Pro Franchising is not a typical two-tier franchising business. Instead, it operates with three tiers: Jan-Pro Franchising enters into a "Regional Master Franchise Agreement" with Regional Master Franchisees. These Regional Master Franchisees then enter into Franchise Agreements with individual Unit Franchisees that operate, as independent contractors, individual janitorial and building maintenance service businesses under the name "JAN-PRO."

7. Jan-Pro Franchising does not enter into, direct, or take part in the contracts between the Regional Master Franchisees and their Unit Franchisees.

8. Defendants are two Unit Franchisees of two separate Regional Master Franchises of Jan-Pro Franchising: Bradley MKTG Enterprises, Inc ("Bradley MKTG") and Absolute Marketing, Inc ("Absolute Marketing").

9. Bradley MKTG and Absolute Marketing are Regional Master Franchisees of Jan-Pro Franchising. Bradley MKTG is a Massachusetts corporation operating in Woburn, Massachusetts. Absolute Marketing is a New Jersey corporation operating in Cherry Hill, New Jersey.

10. Upon information and belief, on June 12, 2003, Defendant Giovani Depianti entered into a Franchise Agreement directly and exclusively with Bradley MKTG to acquire the right to operate a unit franchise under the name of "JAN-PRO." Upon information and belief, on November 16, 1997, Defendant Hyun Ki Kim entered into a Franchise Agreement directly and exclusively with Absolute Marketing to acquire the right to operate a unit franchise under the name of "JAN-PRO."

11. Both Franchise Agreements contain a provision requiring the Regional Master Franchisee and the Unit Franchisee to resolve their disputes through arbitration conducted by the American Arbitration Association. However, Jan-Pro Franchising is not a party to these agreements and has no contract with Defendants.

12. The Uniform Franchise Offering Circular distributed to Unit Franchisees from the Regional Master Franchisees specifically discloses Jan-Pro Franchising as the Master Franchisor of the Regional Master Franchisors and discloses that Jan-Pro Franchising's principle place of business is in Georgia.

13. On April 18, 2007, Defendants, on behalf of themselves and others similarly situated, filed a demand for arbitration against Jan-Pro Franchising and its Regional Master Franchisees, including Bradley MKTG and Absolute Marketing. Defendants also named a third Regional Master Franchisee, Clean Sir, LLC of Pennsylvania, as a respondent in the arbitration. Defendants filed the arbitration demand with the American Arbitration

Association's East Providence, Rhode Island case management center and requested a hearing in Boston, Massachusetts. The case number is 11 114 00838 07. Defendants have since withdrawn their arbitration demand against Jan-Pro Franchising.

14. Defendants filed their arbitration demand knowing that it would be sent to Jan-Pro Franchising in Georgia, and in fact the arbitration demand was sent to Jan-Pro Franchising in Georgia. In addition, Defendants have sent a demand letter directly into Georgia, alleging that Jan-Pro Franchising had certain communications and dealings with the Defendants, and that, as a result, Jan-Pro Franchising is liable "on multiple legal claims" to Defendant Depianti and "a class of all similarly situated individuals." Defendant Depianti purports to represent a class of similarly situated unit franchisees, not just in Massachusetts, but apparently also in Georgia. A copy of this letter is attached hereto as Exhibit A. The factual and legal allegations against Jan-Pro Franchising in this letter are false and are harmful to Jan-Pro Franchising and its franchise system in Georgia. The discovery that defendants will seek to support their claims will be directed to Jan-Pro Franchising in Georgia.

15. Although Defendants have no Franchise Agreement and no contracts of any kind with Jan-Pro Franchising, Defendants have asserted contract claims and claims for employment benefits against Jan-Pro Franchising. Defendants alleged in their arbitration demand, among other things, that they are "employees" of Jan-Pro Franchising and that, as such, Jan-Pro Franchising owes them certain employment benefits. The allegations in the arbitration demand are designed to damage and harm Jan-Pro Franchising and its franchise system in Georgia. Although Defendants have withdrawn their arbitration demand, Jan-Pro

Franchising believes that Defendants will commence other legal claims against it making the same claims alleged in the original arbitration demand.

16. Jan-Pro Franchising is not the franchisor of Defendants. Jan-Pro Franchising has no contractual relationship with Defendants and thus is not Defendants' employer. In addition, Jan-Pro Franchising has made no representations or promises to Defendants, has no contractual relationship with them, has sold them no good or service, and has received no money or other valuable consideration from them. Thus, contrary to the demand letter attached hereto as Exhibit A, Jan-Pro Franchising has no liability or responsibility to Defendants, whether in tort, contract, or statute.

### COUNT I
### (Declaratory and Injunctive Relief Against Defendants)

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendants' Franchise Agreements are not with Jan-Pro Franchising. Jan-Pro Franchising has no franchisor-franchisee relationship with Defendants. Jan-Pro Franchising has no other contractual relationship with Defendants.

19. Jan-Pro Franchising has no employer-employee relationship with Defendants as Defendants allege in their arbitration demand, or as Jan-Pro Franchising believes that Defendants will allege in some other legal proceeding.

20. There is an actual controversy between the parties concerning the subject of this Complaint, and Jan-Pro Franchising is in a state of uncertainty and insecurity with respect to rights, status, and other legal relations, as provided by O.C.G.A. § 9-4-1.

21. Plaintiff is entitled to a declaratory judgment pursuant to O.C.G.A. § 9-4-2 that it has no employment relationship with Defendants and that Defendants are not "employees" of Plaintiff. Plaintiff is also entitled to preliminary and permanent injunctive relief, pursuant to O.C.G.A. § 9-4-3, barring Defendants, their attorneys, and all acting in concert with them from filing or continuing to prosecute legal proceedings against Jan-Pro Franchising claiming that Jan-Pro Franchising is their "employer."

## COUNT II
### (Declaratory and Injunctive Relief Against Defendants)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants have sent a demand letter directly into Georgia, alleging that Jan-Pro Franchising had certain communications and dealings with the Defendants, and as a result, Jan-Pro Franchising is liable "on multiple legal claims" to Defendant Depianti and "a class of all similarly situated individuals." A copy of this letter is attached hereto as Exhibit A. The factual and legal allegations against Jan-Pro Franchising in this letter are false and are harmful to Jan-Pro Franchising and its franchise system in Georgia.

24. Jan-Pro Franchising has made no representations or promises to Defendants, has no contractual relationship with them, has sold them no good or service, and has received no money or other valuable consideration from them. Thus, contrary to the demand letter attached hereto as Exhibit A, Jan-Pro Franchising has no liability or responsibility to Defendants, whether in tort, contract, or statute.

25.     There is an actual controversy between the parties concerning the subject of this Complaint, and Jan-Pro Franchising is in a state of uncertainty and insecurity with respect to rights, status, and other legal relations, as provided by O.C.G.A. § 9-4-1.

26.     Plaintiff is entitled to a declaratory judgment pursuant to O.C.G.A. § 9-4-2 that it has no has no liability or responsibility to Defendants, whether in tort, contract, or statute. Plaintiff is also entitled to preliminary and permanent injunctive relief, pursuant to O.C.G.A. § 9-4-3, barring Defendants, their attorneys, and all acting in concert with them from filing or continuing to prosecute legal proceedings against Jan-Pro Franchising alleging the claims described in the demand letter attached hereto as Exhibit A.

WHEREFORE, Plaintiff prays that the Court:

(a)     Enter declaratory judgment in favor of Plaintiff and against Defendants pursuant to O.C.G.A. § 9-4-2 that Defendants are not employees of Plaintiff and that Plaintiff has no employer-employee relationship with Defendants;

(b)     Enter declaratory judgment in favor of Plaintiff and against Defendants pursuant to O.C.G.A. § 9-4-2 that Jan-Pro Franchising has no liability or responsibility to Defendants, whether in tort, contract, or statute;

(c)     Enter a preliminary and permanent injunction against Defendants, pursuant to O.C.G.A. § 9-4-3, barring Defendants, their attorneys, and all acting in concert with them from filing or continuing to prosecute legal proceedings against Jan-Pro Franchising alleging that they are "employees" of Jan-Pro Franchising or alleging the claims described in the demand letter attached hereto as Exhibit A;

(d)     Tax all costs against Defendants;

(e)  Grant Plaintiff its reasonable attorneys' fees and expenses and costs of this action; and

(f)  Grant such other relief as is just and proper.

DATED: August 28, 2007.

Respectfully submitted,

*Betsy C. Neal*

Stephen E. Hudson
Georgia Bar No. 374692
Betsy C. Neal
Georgia Bar No. 161820

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500
Fax: (404) 815-6555

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

    Janet Hill, Esq.
    HILL & ASSOCIATES, P.C.
    1160 S. Milledge Ave., Suite 140
    Athens, GA 30605

    Shannon Liss-Riordan, Esq.
    Erica F. Crystal, Esq.
    PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
    18 Tremont St., 5th Floor
    Boston, MA 02108

This 28th day of August, 2007.

    Betsy C. Neal
    Georgia Bar No. 161820

KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500
Telecopy: (404) 815-6555    ATTORNEY FOR PLAINTIFF