UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIOVANI DEPIANTI, HYUN KI KIM, KYU JIN ROH, GERARDO VAZQUEZ, GLORIA ROMAN, JUAN AGUILAR, NICOLE RHODES, MATEO GARDUNO, CHIARA HARRIS, TODOR SINAPOV, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 08-Civ-10663 (MLW) |

**<u>DEFENDANT'S NOTICE OF SUBMISSION OF SUPPLEMENTAL AUTHORITY</u>**

There are three named plaintiffs in this case who bring claims under California law -- plaintiffs Gerardo Vazquez, Gloria Roman and Juan Aguilar (collectively, "California Plaintiffs"). JPI has moved for summary judgment on the claims of all plaintiffs herein, including the California Plaintiffs, and JPI's motion remains pending at this time.

To supplement the authority in support of such motion, defendant Jan-Pro Franchising International, Inc. ("JPI") hereby brings to this Court's attention the March 4, 2011 opinion from United States District Judge Samuel Conti, *Juarez v. Jani-King of California, Inc.*, No. 09-3495-SC, 2011 WL 835196 (N.D. Cal. Mar. 4, 2011), litigated by the same plaintiffs' counsel here. A true and correct copy of this opinion is attached hereto at Exhibit A.

The *Juarez* opinion is notable for a number of points in its analysis, but most specifically for the below two reasons:

First, when examining plaintiffs' claims that they are employees, not independent contractors, the court recognizes the controls required in a franchise relationship – both under federal and state law – and finds that these standard "rights of control" do not help plaintiffs' prove they are employees. As the court states, in pertinent part:

> . . . [T]he Court finds it likely that under California law, a franchisee must show that the franchisor exercised "control beyond that necessary to protect and maintain its interest in its trademark, trade name and goodwill" to establish a prima case of an employer-employee relationship. [] As such, **the Court can safely exclude from the employee-employer relationship analysis facts that merely show the common hallmarks of a franchise** – those that constitute a "marketing plan or system" under which the franchisee's operation is "substantially associated with the franchisor's trademark, service mark, trade name," or good will.

*Juarez*, 2011 WL 835196, at *11 (internal citations omitted) (emphasis added).

The court went on to list *the very same factual allegations that plaintiffs rely upon in this case* as factors the court should disregard because they are simply required by franchise law:

> **Jani-King's franchisees are required to follow specific methods** of cleaning and handle customer complaints a certain way **because that is part of Jani-King's required franchise system.** Franchisees must wear uniforms, use Jani-King's name and phone number in client communication, and receive approval before they create marketing and advertising tools because the system must be substantially associated with the franchise's service mark.

*Id.* (emphasis added).

In the instant action, JPI has made this exact argument adopted in *Juarez*, highlighting the controls required of a franchisor under federal law, and pointing out that such controls should not be considered evidence in support of plaintiffs' theory of agency liability or plaintiffs' claim that they are directly employed by JPI. The same reasoning should apply here to support JPI's motion for summary judgment. In fact, the *Juarez* opinion should be applied ***not only*** as to the California Plaintiffs' claims, ***but also*** to the claims of all other plaintiffs, such as Massachusetts

2

plaintiff Giovanni Depianti ("Depianti"), who argues that BradleyMktg Enterprises, Inc.'s'[1] rights to control his franchise somehow suggests that a third party, JPI, cannot satisfy the "first prong" of G.L. c. 149, § 148B(a)(1).

Second, the *Juarez* opinion is notable in that it rejects plaintiffs' effort to assert a number of claims on a class basis. In particular, the court rejects plaintiffs' effort to assert a class wide "misrepresentation" or "unfair business practice" claim based on assertions of "unfair bidding/pricing of accounts," "excessive fees," and a "refund policy" that allegedly rewards Jani-King for not satisfying its contracts. *See Id.* at *14-15. In so doing, the Court specifically refuses to legislate from the bench, recognizing that plaintiffs' claims are governed by franchise mandated disclosures:

> Plaintiffs cite no authority for the argument that this Court is in a position to augment the detailed disclosure requirements California and the federal government place on sellers of franchises.

*Id.* at 13.

This reasoning and analysis is particularly important here, where plaintiffs have made the same claims with the same counsel, and likewise have been unable to direct the Court to any authority that could be construed to augment federal franchise disclosure regulations. Indeed, just as in *Juarez,* plaintiffs' counsel here suggests there is a class-wide cause of action under state unfair business practice statutes, such as G.L. c. 93A, based on improper fees, bidding practices, and contractual language franchisees purportedly cannot understand in the "Jan-Pro system."

---

[1] As noted in earlier filings, Depianti's franchise agreement is with BradleyMktg Enterprises ("BME"), not with JPI. When Depianti refers to "Jan-Pro's" rights of control in his pleadings, he is referring to BME, who separately contracted with JPI for exclusive rights to sell franchises in an agreed portion of Massachusetts.

However, the analysis in *Juarez* lends further support to JPI's position that the individual plaintiffs here cannot even establish their individual claims (let alone assert a claim for class-wide relief) of misrepresentation or unfair business practices.

WHEREFORE, based on this further supplemental authority, JPI's Motion for Summary Judgment should be granted on the claims of the California Plaintiffs and other plaintiffs, such as Giovanni Depianti.

>Respectfully submitted,
>
>JAN-PRO FRANCHISING INTERNATIONAL, INC.
>
>/s/ Jeffrey M. Rosin
>Jeffrey M. Rosin
> BBO# 629216
> *jrosin@constangy.com*
>Christopher M. Pardo
> BBO# 674674
> *cpardo@constangy.com*
>CONSTANGY, BROOKS & SMITH, LLP
>535 Boylston Street, Suite 902
>Boston, Massachusetts 02130
>Phone: 617.849.7880

Dated: April 20, 2011

## CERTIFICATE OF SERVICE

I, Jeffrey M. Rosin, hereby certify that, on this 20th day of January, 2011, this document was filed through the CM/ECF system and will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing:

Shannon Liss-Riordan, Esq.
Harold Lichten, Esq.
Hillary Schwab, Esq.
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02110

>/s/ Jeffrey M. Rosin
>Jeffrey M. Rosin

1404413.1