UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GIOVANI DEPIANTI, et al., )
and all others similarly situated, )
                                   )
            Plaintiffs,            )
                                   ) Civil Action No. 08-10663-MLW
v.                                 )
                                   )
JAN-PRO FRANCHISING                )
INTERNATIONAL, INC.,               )
                                   )
            Defendant.             )
_____)

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUBMISSION
OF SUPPLEMENTAL AUTHORITY**

At the summary judgment hearing in this case, the Court indicated that it intended to focus first on the Massachusetts issues raised by the parties' briefing, i.e. whether, as Plaintiffs contend, Jan-Pro is an employer under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, or whether, as Defendant contends, Jan-Pro is shielded from liability under Massachusetts law by virtue of its multi-tier "master franchise" structure.  (See Plaintiffs' Motion for Partial Summary Judgment and Memorandum In Support Thereof ("Plaintiffs' Summary Judgment Motion"), ECF No. 68; Defendant's Memorandum of Law In Support of Motion for Summary Judgment, ECF No. 66). Defendant Jan-Pro Franchising International, Inc.'s ("Jan-Pro") latest submission of supplemental authority fails to address those issues.

The decision that Jan-Pro brings to the Court's attention, Juarez v. Jani-King of California, Inc., No. 09-3495-SC, 2011 WL 835196 (N.D. Cal. Mar. 4,

2011), addressed a motion for class certification, not a motion for summary judgment. Id. at *3-*4 (noting that plaintiffs were seeking class certification for eight of their fourteen claims). To the extent the district court discussed the standard for evaluating whether a worker is an employee or an independent contractor, it did so in the context of evaluating whether the plaintiffs had satisfied the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3). Id. at *9-*12. More specifically, the district court examined whether the plaintiffs had advanced sufficient common proof to support a finding that there was an employer-employee relationship under California law. Id. California law uses a standard for misclassification cases that is profoundly different than the standard used under Massachusetts law. Under California law, "the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." Id. at *9 (citation and internal quotation marks omitted). In contrast, the Massachusetts Independent Contractor Law provides a much stricter test: "an individual performing any service…*shall be considered to be an employee*…unless" the presumptive employer can satisfy three criteria:

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; *and*
>
> (2) the service is performed outside the usual course of the business of the employer; *and*
>
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. L. ch. 149, § 148B(a) (emphasis added).  Control is one factor under this test (the first factor), but it is not a necessary factor (since the test is conjunctive and the putative employer must satisfy all three factors), and it is not the factor on which the Plaintiffs principally rely in their motion for summary judgment.  Instead, the Plaintiffs principally rely on the second factor, because Jan-Pro cannot prove that the services performed by the Plaintiffs were performed "outside the usual course of the business of" Jan-Pro.  (Plaintiffs' Summary Judgment Motion, at 8-11).  In a case involving one of Jan-Pro's cleaning franchise competitors, Judge Young granted summary judgment to the plaintiffs based solely on this second factor.  Awuah v. Coverall North America, Inc., 707 F. Supp. 2d 80, 82-84 (D.Mass. 2010).  The Plaintiffs also rely on the third factor, because they are prohibited by non-compete clauses from engaging in an independent cleaning business.  (Plaintiffs' Summary Judgment Motion, at 11-13).  The Supreme Judicial Court has ruled that a cleaning franchisee could be deemed an employee based solely on this factor.  Coverall North America, Inc. v. Division of Unemployment Assistance, 447 Mass. 852, 858-59 (2006).[1]  As a result, because Juarez did not address the relevant considerations of Massachusetts law, it is of no consequence with respect to the Plaintiffs' pending motion for partial summary judgment, or to Jan-Pro's motion for summary judgment with respect to its defense that its "master franchiser" structure would insulate it from liability.

---

[1]  In Coverall, the Supreme Judicial Court was interpreting the Massachusetts Unemployment Statute, Mass. Gen. L. ch. 151A, § 2. Id. at 855-56.  However, the language in that statute is identical to section 148B in all respects, except for the second prong, which is even stricter under section 148B.

Unlike the Plaintiffs' tightly-focused motion for partial summary judgment, Jan-Pro's pending motion for summary judgment seeks a nationwide ruling, applicable to every state in which it does business, in which Jan-Pro principally argues that it is immune from liability as a result of its use of a three-tiered, master franchise structure.  <u>Juarez</u>, which addressed class certification in a case arising under California law, provides no illumination on that argument.

To the extent some of the Plaintiffs in this case have claims arising under California law, <u>Juarez</u> may have some relevance if the Plaintiffs file a motion seeking certification of a California class, but no such motion is pending before the Court.  Otherwise, Jan-Pro's effort to bootstrap <u>Juarez</u> into supporting authority for its motion for summary judgment is plainly misguided.  Contrary to Jan-Pro's suggestion, <u>Juarez</u> did not lay down a bright-line rule that franchisees must be recognized as independent contractors.  Indeed, the court did not conclude that the plaintiffs would be unable at trial to prove an employer-employee relationship.  Instead, the court held, based on the factual record presented by the parties in that case, that the terms of the franchise agreements *standing alone* were insufficient, as common evidence under Fed. R. Civ. P. 23(b)(3), to establish an employer-employee relationship *under California law*. <u>Id.</u> at *9-*12.[2]  That conclusion – because it addressed the propriety of class certification rather than the plaintiffs' ability to establish an essential element of

---

[2]   Here, in opposing Jan-Pro's motion for summary judgment, the Plaintiffs rely on substantial evidence, including deposition testimony, in addition to the terms of their franchise agreements.  (<u>See</u> Plaintiffs' Statement of Material Facts in Support of Their Oppostion to Jan-Pro's Motion for Summary Judgment and Response to Defendant's Statement of Facts, ECF No. 76).

their case, because it was based on the factual record in that case, and because it turned on California law – is of no consequence to the pending motions for summary judgment.[3]

Moreover, to the extent Jan-Pro breezily suggests – in the absence of any class certification motions or briefing – that Juarez somehow establishes that class certification in this case is inappropriate, a more relevant point is that a class has been certified in the case brought against Jani-King here in Massachusetts. In De Giovanni v. Jani-King Intern., Inc., 262 F.R.D. 71 (D.Mass. 2009), Judge Young certified a class for the plaintiffs' claim for misclassification under the Massachusetts Independent Contractor Law, the same statute at issue in this case. Id. at 84-86.

Finally, Plaintiffs note to the Court a more pertinent recent legal development that is likely to have a significant impact on this case. On May 3, 2011, the Massachusetts Supreme Judicial Court heard oral argument in the case of Awuah v. Coverall North America, Inc., No. SJC-10829, which was certified to that Court by Judge Young on questions related to what damages the franchisees can recover under Massachusetts law by virtue of their misclassification as independent contractors. The Court's ruling on that issue is likely to implicate the issue currently before this Court, namely whether Jan-Pro franchisees were likewise misclassified as independent contractors.

---

[3] To the extent that Jan-Pro seeks a broader ruling in this case regarding the actual merits of the California plaintiffs' misclassification claim, if the Court were to entertain a request for such a ruling, it should first allow the issue to be fully briefed by the parties, based on the record established in this case (not based on brief references to a separate California case regarding a different company through Jan-Pro's notice of supplemental authority and Plaintiffs' response to this notice).

## **CONCLUSION**

For the reasons set forth above and in the Plaintiffs' summary judgment briefing, and as further supported by the intervening legal authority that has been submitted to this Court, the Court should deny Jan-Pro's motion for summary judgment and grant Plaintiffs' motion for partial summary judgment on Jan-Pro's liability for violating the Massachusetts Independent Contractor Law.

>Respectfully submitted,
>
>GIOVANI DEPIANTI, et al.,
>and all others similarly situated,
>
>By their attorneys,
>
> /s/ Shannon Liss-Riordan
>Shannon Liss-Riordan, BBO #640716
>Hillary Schwab, BBO #666029
>LICHTEN & LISS-RIORDAN, P.C.
>100 Cambridge Street, 20th Floor
>Boston, MA 02114
>(617) 994-5800

Dated: May 18, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2011, a copy of this document was served by electronic filing on all counsel of record.

> /s/ Shannon Liss-Riordan
>Shannon Liss-Riordan, Esq.