# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIOVANI DEPIANTI, et al., and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-10663-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUBMISSION OF GEORGIA COURT OF APPEALS DECISION

　　　　The summary judgment issue before this Court is whether Defendant Jan-Pro Franchising International, Inc. ("Jan-Pro") can satisfy all three prongs of the Massachusetts Independent Contractor statute, M.G.L. c. 149, § 148B. As the Court will recall, Jan-Pro filed a declaratory judgment action in a state court in Georgia, seeking a declaration that it is not an employer of Plaintiff Giovani Depianti (a resident of Massachusetts) under Massachusetts law. After losing at the trial court level in Georgia, Jan-Pro dismissed the relevance of decisions emanating from that case. (ECF No. 111, at 6) ("it is appropriate for this Court to continue its analysis and issue its own reasoned opinion, uninfluenced by the Georgia state proceedings"). Now, having received a favorable decision from the Georgia Court of Appeals, Jan-Pro has reversed its position, arguing that this Court should be guided by the Georgia decision. Jan-Pro's reliance on that decision is misplaced for at least three reasons.

First, the Plaintiffs will be filing a petition with the Georgia Supreme Court to review the Court of Appeals decision.  In addition to asking for a reversal of the Court of Appeals' erroneous decision, the Plaintiffs will request that the Georgia Supreme Court certify the underlying legal questions to the Massachusetts Supreme Judicial Court, which is plainly better qualified to interpret and apply Massachusetts statutes.  See Supreme Judicial Court Rule 1:03 (providing for certification to SJC by highest appellate court of any other state where there is no controlling precedent on legal question at issue).  There is no controlling precedent on the issue decided by the Georgia Court of Appeals – i.e., whether a master franchisor can escape liability under section 148B through the use of a regional master franchisor – so certification is appropriate.[1]

Second, the interlocutory decision of the Court of Appeals related only to Depianti.  (ECF No. 121-1, at 1).[2]  The Court of Appeals has not yet reviewed the Georgia trial court's threshold determination that it has jurisdiction over Depianti, a Massachusetts resident who has never worked in Georgia.  (Id. at 3 n.5).  As a result, the Court of Appeals ultimately may determine that the Georgia courts do not have any jurisdiction, which would nullify the Court of Appeals decision.[3]

---

[1]   Likewise, it would be appropriate for this Court to consider certifying this case to the SJC given the lack of controlling precedent.  See SJC Rule 1:03 (providing for certification of questions from federal district courts).  Indeed, courts in this district have done so when faced with novel issues under Massachusetts wage laws.  See, e.g., DiFiore v. American Airlines, Inc., 454 Mass. 486 (2009); Awuah v. Coverall North America, Inc., SJC Docket No. 10829 (currently under advisement), certified to SJC in Civil Action No. 07-10287-WGY.

[2]   In the Georgia case, the claims involving Hyun Ki Kim (a resident of Pennsylvania) and also a Plaintiff in this case, were not resolved at summary judgment and appear headed for trial.

[3]   Although the trial court issued a certificate of immediate review with respect to its interlocutory ruling that it had jurisdiction over Depianti, a party need not pursue an interlocutory appeal (and the appeals court need not accept such an appeal).  Ga. Code § 5-6-34(b).  As a

Third, this Court has a complete summary judgment record and substantial briefing from the parties. The decision of the Georgia Court of Appeals, which was issued without the benefit of oral argument, comes from a court with no prior knowledge or experience construing the Massachusetts wage laws. This Court has greater knowledge and experience, and it is surely equally capable of evaluating the issues presented by the parties' summary judgment papers, without deferring to the Georgia courts.

## CONCLUSION

For the reasons set forth above and in the Plaintiffs' summary judgment briefing, and as further supported by the intervening legal authority that has been submitted to this Court, the Court should deny Jan-Pro's motion for summary judgment and grant Plaintiffs' motion for partial summary judgment on Jan-Pro's liability for violating the Massachusetts Independent Contractor Law.

>   Respectfully submitted,
>
>   GIOVANI DEPIANTI, et al.,
>   and all others similarly situated,
>
>   By their attorneys,
>
>   /s/ Shannon Liss-Riordan
>   Shannon Liss-Riordan, BBO #640716
>   Hillary Schwab, BBO #666029
>   LICHTEN & LISS-RIORDAN, P.C.
>   100 Cambridge Street, 20th Floor
>   Boston, MA 02114
>   (617) 994-5800

Dated: July 6, 2011

---

result, Depianti still may appeal that issue once the Georgia trial court issues a final judgment. Ga. Code §§ 5-6-33, 5-6-34(a).

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan