```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

GIOVANI DEPIANTI, ET AL.,       )
     Plaintiffs,                )
                                )
     v.                         )     C.A. No. 08-10663-MLW
                                )
JAN-PRO FRANCHISING             )
INTERNATIONAL, INC.             )
     Defendant.                 )
```

ORDER

WOLF, D.J.                                              April 25, 2012

For the reasons stated in court on April 24, 2012, it is necessary for the court to ensure it has jurisdiction to adjudicate Counts II and III of the plaintiff's complaint. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Accordingly, it is hereby ORDERED that, by April 26, 2012, at 12:00 p.m.:

1. The parties shall file memoranda addressing the following questions:

    a) Whether a plaintiff's failure to exhaust administrative remedies as required by M.G.L. c. 149, §150 by filing a complaint with the Attorney General deprives this court of jurisdiction to consider the plaintiff's claims under M.G.L. c. 149, §§148, 148B, and 150; and

    b) Whether, pursuant to M.G.L. c. 149, §150 or another provision of Massachusetts law, the failure to exhaust

administrative remedies also precludes the court's consideration of the plaintiff's claims under and M.G.L. c. 151, §§1 and 1A.

    2.  The parties shall report to the court, jointly if possible but separately if necessary: whether, if some of plaintiff's claims are subject to dismissal for failure to satisfy M.G.L. c. 149, §150 or some other exhaustion requirement, the court should nevertheless certify to the Massachusetts Supreme Judicial Court the question of whether and how to apply the "right to control test" for vicarious liability to the franchisor-franchisee relationship, see Coworx v. Coleman, No. 2005436F, 2007 WL 738913, at *5 (Mass. Super. Feb. 7, 2007).

    3.  Plaintiff's counsel shall submit an affidavit regarding her practice of filing complaints with the Attorney General prior to the institution of litigation in federal or state court, her efforts to find evidence within her files that such a complaint was filed in this case, her efforts to obtain a copy of any complaint filed in this case from the office of the Attorney General, and that office's response.[1]

                                                  /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that it did not orally order the filing of an affidavit.  However, to the extent the plaintiff argues that the court should, in the absence of any record, infer that a complaint with the Attorney General was filed, an affidavit is necessary.