UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GIOVANI DEPIANTI, HYUN KI KIM, KYU JIN ROH, GERARDO VAZQUEZ, GLORIA ROMAN, JUAN AGUILAR, NICOLE RHODES, MATEO GARDUNO, CHIARA HARRIS, TODOR SINAPOV, and all others similarly situated,

Plaintiffs,

v.

JAN-PRO FRANCHISING INTERNATIONAL, INC.,

Defendant.

Case No. 08-Civ-10663 (MLW)

**DEFENDANT'S RESPONSE TO COURT'S APRIL 25, 2012 ORDER**

Defendant Jan-Pro Franchising International, Inc. ("JPI") hereby responds to this Court's April 25, 2012 Order ("Order") as follows.

**INTRODUCTION**

With respect to question 1(a) in the Order, Depianti's failure to exhaust administrative remedies does deprive this court of jurisdiction of all statutory claims in Counts II and III, and this has been a defense of JPI ever since it filed its Answer and Affirmative Defenses to the Amended Complaint in this matter. (See Docket Entry 31, at 12 (Eighth Affirmative Defense: ". . . some or all of Plaintiffs' wage claims are barred by their failure to take statutory prerequisites to suit and/or exhaust administrative remedies."; see also Third Affirmative Defense: "This court lacks subject matter jurisdiction over some or all of plaintiffs' claims.")

1849884.1

Plaintiffs' counsel suggested at oral argument that this defense has somehow been waived, but as this court recognized, challenges to subject matter jurisdiction cannot be waived and can be raised anytime. See Fed. R. Civ. P. 12(h)(3). That aside, this defense has not been waived. This defense was in JPI's Answer and Affirmative Defenses and, as pointed out in oral argument yesterday, April 24, 2012, JPI raised this defense for adjudication in its Memorandum in Support of its Motion for Summary Judgment (Docket Entry 66, at 13, n.19), in its response this Court ordered JPI to file addressing this Court's September 9, 2011 Order (Docket Entry 126, at 5), and in its briefing on JPI's motion for reconsideration of the September 9, 2011 Order (Docket Entry 129 at 1-2) Further, the defense itself was argued on April 24, 2012 and is now being fully briefed. In sum, this defense is squarely before the court, particularly considering that JPI's motion for summary judgment is still a pending motion, and particularly considering the further information below. See Strahan v. Roughead, 08-cv-10919, 201 WL 4827880 -MLW at *5 n.5 (D. Mass. Nov. 22, 2010) (recognizing that a party has opportunity to raise arguments in supplemental timely filings (which JPI has certainly done here even if this court disregards the footnote in JPI's motion for summary judgment)).

That is, Depianti's counsel has produced to JPI's counsel a "right to sue" letter from the Attorney General's office dated January 19, 2012, but further claims not to be able to find the underlying complaint form filed with the Attorney General giving rise to the "right to sue" letter. (See Tab 1 hereto (email between Attorney Liss-Riordan and Attorney Rosin) However, JPI prepared a Freedom of Information Act ("FOIA") request into the Attorney General and faxed it yesterday. (See Tab 2 hereto) In response to such

1849884.1

request, JPI received the attached complaint form in under 24 hours, which complaint is dated January 12, 2012. (See Tab 3 hereto)

That Depianti was belatedly attempting to cure the jurisdictional defect in his complaint at that time and doing so without informing JPI or the court speaks volumes. See Mass. R. Prof. Conduct 3.4(a). It further speaks volumes that Depianti's counsel claimed in court on April 24, 2012 not to be able to find the underlying complaint form, supposedly due to moving offices, but the January 12, 2012 complaint form clearly was not filed when such counsel moved offices, which, per Docket Entry 52, occurred in approximately May 2009. Id.; see also Mass. R. Prof. Cond. 3.3(a); id. at 3.3 Comment [2]. The complaint form was clearly readily available, as JPI's FOIA letter and the Attorney General's response within 24 hours proved. Id.

Further, in light of the information in Depianti's complaint form, alleging a violation of wage/hour laws from February 2004 until December 2006[1] (see Tab 3) this court lacks jurisdiction over Depianti's claims in Counts II and III for two reasons: (1) failure to timely file with the Attorney General and (2) failure to file within 3 years of the alleged violation. (See Section 150 noting that court complaint must be filed "within 3 years of the violation"; see also Braun v. Yaratz, NO, N-11-096-RGS, 2010 WL 3824109, at *2 (D. Mass. Sept. 24, 2010) ("A district court lacks subject matter jurisdiction over diversity claims that fall outside the statute of limitations.")).

With respect to question 1(b) in the Order, this court's lack of jurisdiction to consider Depianti's claims under Chapter 149, Section 148B, necessarily deprives this

---

1 This document was filled out with counsel's assistance as stated on Page 2 of the Complaint form. As this court is aware, Mr. Churchill, who is listed as that counsel, was in court on April 24, 2012.

court of jurisdiction over Depianti's claims under Chapter 151, Sections 1 and 1A. That is, this Court cannot even reach a determination of any alleged failure to pay minimum wage and alleged failure to pay overtime wages to Depianti under c. 151, §§ 1, 1A if this court cannot adjudicate whether Depianti was misclassified under Section 148B. Such a process would render Chapter 148, Section 150's mandatory requirement that a Section 148B claim be first filed with the Attorney General superfluous when it comes to misclassified workers. Moreover, as noted above and further discussed below, such claims are substantively barred and also clearly time-barred by Chapter 151, Section 20A.

That is, it is undisputed in this case that as of the date of Depianti's deposition on April 10, 2009, since September 2007, Depianti has only been inspecting accounts, and not cleaning accounts, 20-30 minutes per week. (See Docket Entry 67, (JPI's Statement of Material Facts in Support of Summary Judgment), Paragraphs 267-269 and Docket Entry 76 (Depianti's response to such facts, Paragraphs 267-270 as "Not disputed."))[2] As such, with at best, 20-30 minutes of work per week, there can be no genuine issue of material fact that he does not have an overtime or minimum wage claim under Chapter 151, Sections 1 and 1A to adjudicate. That aside, even if he had such a claim, it must be commenced within 2 years, per Chapter 151, Section 20A, and Depianti has not been an active franchisee for over two years. (See Note 2, supra)

With respect to question 2 in the Order, JPI does not have a different position on this issue than what it expressed at the April 24, 2012 hearing and in pre-hearing filings

---

[2] JPI has further information that Depianti ceased all activity shortly after his deposition and had no active accounts, but such information has not been confirmed as of the time deadline for this filing. It appears there is clear evidence that his claims under Chapter 151 would be time-barred and, if necessary given the court's review of these matters, JPI requests the opportunity to supplement that information to the court as soon as it is available.

reserving those concerns. JPI acknowledges that, as discussed on April 24, 2012, this question can be helpful to address Counts I and IV of plaintiffs' Amended Complaint, to the extent they are being pursued by Depianti and even viable causes of action.[3] JPI requests again, however, that this Court clarify such question to indicate which franchise agreement is at-issue when "rights of control" are to be reviewed by the Supreme Judicial Court ("SJC"): that is, this Court should specify whether the SJC should be concerned about "rights of control" in JPI's franchise agreement with BradleyMktg Enterprises ("BME") or BME's franchise agreement with Depianti.

As for the affidavit ordered by the Court in part 3 of its Order, JPI requests an opportunity to respond to any affidavit submitted by Depianti's counsel and to further inquire/probe depending on the information stated in the affidavit and in further supplementation to the information set forth above.

[3] Depianti's counsel and JPI's counsel exchanged emails on this issue in advance of this submission as the Court directed, but such issue was not resolved by the time of this filing.

## ARGUMENT

### A. Depianti's Claims Under Chapter 149, Sections 148, 148B and 150 Are Barred For Lack Of Jurisdiction Both For Failure To File First With The Attorney And On Timeliness Grounds[4]

Massachusetts courts have widely held that a plaintiff's failure to adhere to a statutory prerequisite to bringing suit deprives the court of subject matter jurisdiction. "It has long been the law of this Commonwealth that, when a remedy is created by statute, and the time within which it may be availed of is one of the prescribed conditions for relief, failure to meet that time limit deprives a judicial body, court or administrative appeals board of jurisdiction to hear the case." Nissan Motor Corp. in the U.S.A. v. Comm'r of Revenue, 407 Mass. 153, 157 (1990) (court lacked jurisdiction over plaintiff's claims for tax abatement due to plaintiff's failure to timely file its applications).

Various state and federal statutes impose upon plaintiffs jurisdictional prerequisites to bringing suit which must be met. See Kottori v. F.B.I., 784 F. Supp. 2d 83, 84 (D. Mass. 2011) (complaint dismissed for lack of jurisdiction where plaintiff failed to exhaust administrative remedies under the Freedom of Information Act); Gonzales v. U.S., 284 F.3d 281, 289 (D. Mass. 2002) (compliance with the Federal Torts Claims Act administrative claim filing requirement is "a jurisdictional prerequisite to suit that cannot

---

[4] JPI recognizes that this court did not specifically request briefing on the statute of limitations issue, but in light of the new information discovered in the last 24 hours (which Depianti's counsel certainly had the opportunity to disclose sooner), it is appropriate to amplify its position on this issue as well. The arguments go hand-in-hand, as again, it rises to the level of a failure to satisfy a statutory prerequisite to suit – *i.e.*, filing within 3 year. See M.G.L. Chapter 149, Section 150. As another Judge in this District recently stated: "A district court lacks subject matter jurisdiction over diversity claims that fall outside the statute of limitations." Braun v. Yaratz, NO, N-11-096-RGS, 2010 WL 3824109, at *2 (D. Mass. Sept. 24, 2010) (collecting cases)). Of course, jurisdiction is alleged here under 28 U.S.C. Section 1332 (See Docket Entry 29, ¶ 15).

be waived"); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 289 (1985) (plaintiff's 93A demand letter did not satisfy the jurisdictional prerequisite to suit); Greeley v. Zoning Board of Appeals of Framingham, 350 Mass. 549, 551 (1966) (zoning board lacked jurisdiction because statutory prerequisite for filing appeal was not met); Commercial Wharf East Condominium Assn. v. Boston Conservation Comm'n, No. 99-1823G, 2001 WL 241494, at *2 (Mass. Super. Feb. 27, 2001) (court lacked jurisdiction over action regarding Conservation Commission's Orders of Conditions because plaintiffs failed to exhaust statutory remedies); Kulash v. Osgood, No. 990402C, 1999 WL 1411362, at *3 (Mass. Super. Dec. 29, 1999) (court lacked jurisdiction because plaintiffs failed to exhaust administrative remedies before bringing suit to compel a public hearing by the North Andover Board of Health).

The filing requirement of Chapter 149, Section 150 is also a statutorily created prerequisite which, if not timely met, deprives the court of jurisdiction. "When a plaintiff fails to comply with statutorily created prerequisites, a court lacks jurisdiction to hear the case." Dunfey v. Primetech Professional Services, No. 992306, 2002 WL 388196 at *1 (Mass. Super. Jan. 4, 2002) (considering whether the court had jurisdiction over plaintiff's claims for violations of Chapter 149 and citing Nissan Motor Corp. *supra*). Specifically, Chapter 149, Section 150 provides:

> An employee claiming to be aggrieved by a violation of sections 33E, 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

(emphasis added)

Thus, plaintiffs must file their complaint with the Office of the Attorney General "before any court may adjudicate such claims." Daly v. Norton Co., No. 99452B, 1999 WL 1204011 at *2 (Mass. Super. Nov. 15, 1999) (dismissing claims under the Wage Act because plaintiff failed to file a complaint with the attorney general); see also, Sterling Research, Inc. v. Pietrobono, No. 02-401150-FDS, 2005 WL 3116758, at *11 (D. Mass. 2005) (dismissing certain wage claims because plaintiff failed to include such claims in the complaint to attorney general); Axton-Cross Co., Inc. v. Blanchette, No. 942764H, 1994 WL 879570, at *4 (Mass. Super. Oct. 17, 1994) (dismissing wage claim because plaintiff failed to comply with statutory prerequisites set forth in G.L. ch. 149, § 150); Norceide v. Cambridge Health Alliance, 814 F. Supp. 2d 17, 27 (D. Mass. 2011) (dismissing plaintiff's state wage claim for failing to allege in the complaint that the administrative prerequisite was met).

The attorney general has a general statutory mandate to protect the public interest and a duty to represent the public interest. See, Com v. Mass. CRINC, 392 Mass. 79, 88 (1984). This includes exclusive enforcement of the Wage Act "intended to protect employees and their right to wages." Electronic Data Systems Corp. v. Attorney General, 454 Mass. 63, 67-70 (2009). The purpose of the filing requirement set forth in Chapter 149, Section 150 is to provide notice to the attorney general of wage violations so that it may record them and decide whether or not to pursue civil or criminal actions against employers. Dunfey v. Primetech Professional Services, No. 992306, 2002 WL 388196, at *2 (Mass. Super. Jan. 4, 2002). "The statute implicitly requires that the complaint 'adequately describe the substance of the abuse.'" Sterling Research, Inc. v. Pietrobono, No. 02-401150-FDS, 2005 WL 3116758, at *11 (D. Mass. 2005) (quoted case omitted).

If it were otherwise, the attorney general would be unable to determine whether employers committed violations and whether enforcement should be undertaken. Id. This would effectively diminish the remedial nature of the Wage Act. Sheedy v. Lehman Bros. Holdings Inc., No. 11-11456-RGS, 2011 WL 5519909, at *3 (D. Mass. Nov. 14, 2011).

Here, Depianti filed no wage complaint with the Attorney General until, at the earliest, January 12, 2012.[5] Accordingly, there has been no jurisdiction over his complaint. Now that Depianti has received the January 19, 2012 right to sue letter, Chapter 150 only allows him to start a new complaint after filing with the Attorney General. (See statutory text quoted above, as emphasized) However, this not being done, in light of the information in the complaint form alleging a violation from 2004 until 2006 only, Depianti is barred from bringing Counts II and III in this court.

### B. The Court's Lack of Jurisdiction Over Depianti's Independent Contractor Claim Eliminates Jurisdiction Over His Chapter 151 Claim And Such Claim Is Time-Barred As Well

The resolution of Depianti's misclassification claim under Chapter 149, Section 148B is a prerequisite to his maintaining a suit under Chapter 151, §§ 1 and 1A, as the Massachusetts statutes guaranteeing the payment of minimum wage and overtime pay do not apply to independent contractors. See DeGiovanni v. Jani-King Intern., Inc., 262 F.R.D. 71, 84 (D.Mass. 2009) (Young, J.) (where franchisee-plaintiffs alleged that they were misclassified and sought, among other things, minimum wage and overtime pay, court recognized that independent contractors were not covered by such statutory provisions); see also 45 MASS. PRAC. § 14.1 (2d ed. 2011) ("Whether an individual worker is classified as an employee or an independent contractor will have a significant

[5] Depianti's counsel should be ordered to produce its cover letter to the Attorney General further revealing the date the complaint was actually filed, as opposed to signed.

1849884.1

impact on virtually all aspects of the legal relationship between the worker and the employer, including whether the minimum wage and overtime requirements of federal and state law apply."); 57 MASS. PRAC. § 10:47 (2d ed. 2011) (explaining that "[t]he classification of an individual as either an employee or an independent contractor constitutes an important consideration of the court, because the federal and state law regarding minimum wage and overtime requirements do not apply to independent contractors").

Indeed, the Court's lack of jurisdiction over the question of whether Depianti was properly classified as a franchisee under Chapter 148B eliminates the Court's ability to resolve whether he is entitled to minimum wage or overtime pay.[6] Otherwise, every alleged misclassified worker could assert a minimum wage/overtime claim without giving the Attorney General the opportunity to determine whether they were misclassified, thereby circumventing the very statutory obligation that all misclassification claims first be filed with the Attorney General.

This result would be entirely contrary to the rule of statutory interpretation – oft-stated by the Massachusetts courts at all levels, as well as the United States Supreme Court and First Circuit – that no part of a statutory scheme should be interpreted in a manner inconsistent with the rest of that statutory scheme. See Case of Sellers, 898 N.E.2d 494, 498 (Mass. 2008) (the SJC recognizing that each part of a statutory scheme "must be interpreted in the context of the purposes of the act and the [statutory] scheme as a whole"); Berlo v. City of Boston, 935 N.E.2d 358, 359 (Mass. App. Ct. 2010), rev'

---

[6] Chapter 151, Sections 1 and 1A do not contain a separate requirement of filing first with the Attorney. However, in a misclassification case that requires analysis of Chapter 149, Section 148B, it must based on the authorities *infra* at 10-11.

denied, 942 N.E.2d 182 (Mass. 2011) ("in interpreting a statute, we must consider the entire statutory scheme by looking to the language of the statute as a whole") (internal quotations omitted); Kramer v. Zoning Bd. of Appeals of Somerville, 837 N.E.2d 1147, 1152-53 (Mass. App. Ct. 2005) ("To answer that question we closely examine the statute in light of the standard principles that statutes are to be interpreted in a common sense way which is consistent with the statutory scheme . . . . Courts also have a duty to view the statutory scheme as a whole; and to avoid a construction which would negate legislative intent or defeat its intended utility.") (internal quotations omitted); Peerless Ins. Co. v. Hartford Ins. Co., 723 N.E.2d 996, 1000 (Mass. App. Ct. 2000) (examining several statutory provisions together and affirming lower court's ruling because "[t]he statutory scheme, read as a whole" supported the same); Stiles v. Stiles, 487 N.E.2d 874, 876 (Mass. App. Ct.1986) ("Our duty is to construe the statutory scheme as a harmonious whole."); see also Chamber of Commerce of U.S. v. Whiting, 131 S. Ct. 1968, 1999 (2011) (citing Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 222 (2008), for the proposition that "construction of a statutory term 'must, to the extent possible, ensure that the statutory scheme is coherent and consistent'")); King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991) (the Supreme Court explaining a ruling by stating "we do nothing more, of course, than follow the cardinal rule that a statute is to be read as a whole . . . since the meaning of statutory language, plain or not, depends on context"); Skidgel v. Maine Dept. of Human Servs., 994 F.2d 930, 940 (1st Cir. 1993) ("Where different provisions of the same statutory scheme are in tension, a court should make every effort to construe such provisions so as to achieve consistency and harmony.").

For these reasons, Depianti's failure to properly exhaust his administrative remedies precludes the court's consideration of his claims under M.G.L. c. 151, §§ 1 and 1A as well. In any event, based on the information set forth above such claims fails based on JPI's statute of limitations defense.

**CONCLUSION**

For the reasons above, this court should not certify any questions to the SJC on Depianti's claimed "employee" status and it should enter judgment for JPI on Counts II and III of the Amended Complaint. Additionally, this Court should review Depianti's position and consider whether to certify its proposed question relevant to Counts I and IV. If this court does certify such question, it should include the clarification JPI requests. Finally, this Court should permit JPI a reasonable amount of time to respond to the affidavit Depianti submits in response to the court's Order.

Respectfully submitted,

JAN-PRO FRANCHISING INTERNATIONAL, INC.

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin
BBO# 629216
*jrosin@constangy.com*
Christopher M. Pardo
BBO# 674674
*cpardo@constangy.com*
CONSTANGY, BROOKS & SMITH, LLP
535 Boylston Street, Suite 902
Boston, Massachusetts 02116
Phone: 617.849.7880

Dated: April 26, 2012

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Rosin, hereby certify that, on this 26th day of April, 2012, this document was filed through the CM/ECF system and will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing:

Shannon Liss-Riordan, Esq.
Harold Lichten, Esq.
Hillary Schwab, Esq.
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02110

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin

1849884.1