# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

GIOVANI DEPIANTI, et al., )
and all others similarly situated, )

Plaintiffs, )

v. )  Civil Action No. 08-10663-MLW

JAN-PRO FRANCHISING )
INTERNATIONAL, INC., )

Defendant. )
_____ )

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING CERTIFICATION OF THIS CASE TO THE SJC AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

This Court has jurisdiction over Plaintiff Giovanni Depianti's claims under

Count II (M.G.L. c. 149, § 148B) and Count III (M.G.L. c. 149, § 148 and M.G.L.

c. 151, §§ 1, 1A) of the Amended Complaint.  It does not matter whether the

requirement to file an administrative wage complaint with the Massachusetts

Attorney General's office is jurisdictional, because Depianti has now without

question filed a complaint and received a right-to-sue letter, a copy of which is

attached in Exhibit A.  It is of no consequence *when* this requirement was

satisfied – whether recently or before this lawsuit was filed – because M.G.L. c.

149, § 150 does not impose any time limits for the filing of an administrative

complaint.[1]  And this requirement may be satisfied after a lawsuit is filed based

---

[1]      As described in the accompanying affidavits, Plaintiffs are not able to say with certainty
whether the Attorney General complaint was filed before this case was filed.  It has always been
the law firm's standard practice to file Attorney General complaints before filing wage cases.
However, Plaintiffs' counsel have not been able to locate a form in their files.  Had this issue been
squarely presented earlier, Plaintiffs' counsel would have been in a better position to ascertain

on the well-established principle that the failure to satisfy preconditions to suit may be cured even after suit is filed.

Moreover, the filing of an administrative wage complaint with the Attorney General's office is *not* jurisdictional. This question has not been addressed by any appellate court, but under Massachusetts law numerous preconditions to filing suit are recognized as non-jurisdictional, and given the limited purpose of an administrative wage complaint, that precondition should not be deemed jurisdictional either. Because this defense is non-jurisdictional, and because Jan-Pro has failed properly to present or support its defense, this Court has jurisdiction over all claims.

Finally, the requirement to file an administrative complaint applies only to claims under M.G.L. c. 149, § 148B and M.G.L. c. 149, § 148. There is no such requirement for overtime claims under M.G.L. c. 151, §§ 1 & 1A. For all of these reasons, which are discussed in more detail below, this Court should proceed to certify questions to the Supreme Judicial Court ("SJC") with respect to Counts I through IV of the Amended Complaint.

## Procedural Background

This action began in June 2008. (ECF 1). During discovery, Jan-Pro did not request *any* evidence regarding Depianti's complaints to the Massachusetts Attorney General's office. (See, e.g., First Document Request of Defendant to

---

whether the complaint form was in fact filed in this case, and they could have filed a new complaint form within the three-year period following Depianti's employment with Jan-Pro, if necessary. In any event, a new complaint form has now been filed, so the only remaining issue is whether that complaint is timely – timeliness, however, is not jurisdictional, as discussed below, as the Court has the power to allow equitable tolling for the filing of an Attorney General complaint. To the extent there is any need for equitable tolling – although Plaintiffs do not believe there is for the reasons described below – Plaintiffs respectfully suggest that this case warrants tolling, should the Court deem it necessary.

Plaintiff Giovanni Depianti, attached as Exh. B).  The first time Jan-Pro raised the

issue was in a *footnote* in its motion for summary judgment.  (ECF No. 66 at 13

n.19).[2]  It raised the issue squarely for the first time in its December 2011 *reply*

brief in connection with its more recent motion to stay and/or reconsider.  (ECF

No. 129 at 1-2).[3]

In response to Jan-Pro's eleventh-hour focus on this issue, Depianti's

counsel searched through their voluminous files in this case for a copy of his

Attorney General complaint.  (Declaration of Shannon Liss-Riordan, attached as

Exh. C, ¶ 4; Declaration of Scott Simpson, attached as Exh. A, ¶ 2).  That search

was complicated by a huge case file, by the passage of substantial time, and by

a transfer of files between law firms.  (Liss-Riordan Decl., Exh. C, ¶¶ 4, 6-7).

Although the original complaint could not be located, it is the standard practice of

Depianti's counsel to file such complaints when initially undertaking

representation of a new client in a wage and hour case, so Depianti's counsel

believes that a complaint was filed.  (Id. ¶¶ 2-3; Simpson Decl., Exh. A, ¶ 1;

---

[2]       In its entirety, the footnote reads, "To the extent Counts II and III are even viable causes of action for Depianti, they are substantially barred by the applicable 3-year statute of limitations of M.G.L. c. 148, § 150, since he has not been performing cleaning work since September 2007. (See SOF ¶¶ 251, 254, 267, 269). Depianti was also supposed to first file his claim with the Massachusetts Attorney General, and at this point, Depianti has not come forth with any evidence that he did so."
         The footnote hardly stood out.  It appeared in a 21-page motion for summary judgment that included 27 footnotes.  (ECF No. 66).  The accompanying statement of facts was 63 pages, included 474 paragraphs of alleged facts, and attached 76 exhibits.  (ECF No. 67).  The footnote did not result in any further briefing and put no burden on Plaintiffs to take any action.  Moreover, the footnote simply stated that Depianti had not come forth with any evidence that he had filed with the Attorney General's office, but as he had never been requested to do so (i.e. in discovery), the footnote also did not appear in itself to merit a response and Plaintiffs spent their briefing focusing on the myriad other issues raised by Jan-Pro.

[3]       During the hearing on April 24, 2011, Jan-Pro's counsel indicated that its strategy was to lay in the weeds with this argument so that (it hoped) Depianti could not cure any exhaustion-of-remedies defenses it might later assert.

Declaration of Erica Cystal, Exh. D, ¶¶ 1-3).  Depianti's counsel requested

confirmation from the Attorney General's office that a complaint was filed, but

that office reported that because of its record-keeping practices, it cannot readily

confirm complaints that were filed that long ago.  (Simpson Decl., Exh. A, ¶ 3).

As a result, out of an excess of caution, Depianti filed a new complaint and

obtained a right-to-sue letter in January 2012.  (Simpson Decl., Exh. A, ¶ 3).

## Argument

**1.    Regardless of whether the administrative complaint requirement is jurisdictional, this Court has jurisdiction given Depianti's receipt of a right-to-sue letter from the Attorney General's office.**

The administrative exhaustion requirement is set forth in M.G.L. c. 149,

§ 150, which states, in relevant part, as follows:

> [A person alleging a violation of M.G.L. c. 149, §§ 148 or 148B, among other listed statutes] may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action….

Even if section 150 establishes a jurisdictional requirement, Depianti has

satisfied that requirement, so this Court may adjudicate his wage claims.  There

is no longer any dispute that Depianti filed an administrative complaint and

received a right-to-sue letter.  (Exh. A).

The timing of Depianti's exhaustion of administrative remedies is of no

consequence.  Unlike in discrimination cases, section 150 does not impose any

limitations period for filing a complaint with the Attorney General's office, so Jan-

Pro cannot argue that Depianti's administrative complaint was too late.  Compare

M.G.L. c. 151B, § 5 (requiring administrative charge of discrimination within 300

4

days of discrimination) with M.G.L. c. 149, § 150 (imposing *no* limitations period

on administrative complaint to Attorney General's office).

Jan-Pro also cannot argue that the filing of a lawsuit *before* exhausting

administrative remedies requires dismissal.  It is widely recognized that a failure

to exhaust administrative remedies may be cured while a suit is pending: "[T]he

defect of a prematurely filed lawsuit may be excused when it is cured by the

issuance of a right to sue letter while the action is pending." Fennell v. AARP,

770 F. Supp. 2d 118, 126 (D.D.C. 2011), quoting Cruz–Packer v. District of

Columbia, 539 F.Supp.2d 181, 190 (D.D.C.2008) (other citation omitted).  The

same general principle is true under Massachusetts law.  See Litton Business

Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981) (the

failure to satisfy preconditions to suit, even where jurisdictional, may be cured

after suit is filed).  If Jan-Pro properly had brought, and if this Court had acted on,

a motion to dismiss based on the failure to obtain a right-to-sue letter, and if

these steps had occurred *before* Depianti obtained such a letter, then Jan-Pro

may have been in a different position, but now that Depianti has complied with

the administrative complaint requirement, it is too late for Jan-Pro to pursue this

defense.  See Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001) (if plaintiff cures

right-to-sue requirement before claim is dismissed, it is too late for challenge by

defendant).

Moreover, Section 150's three-year limitations period is a *separate, plainly*

*non-jurisdictional* requirement that relates to the filing of a lawsuit, not to the filing

of an administrative complaint.  Section 150 does not provide – and no court has

held – that the three-year limitations period continues to run *after* a lawsuit is filed and does not stop running until an administrative complaint is filed.  Indeed, the three-year limitations period fulfills a completely different function than the requirement to file an administrative complaint.  The limitations period, like any limitations period, is designed to "'promote repose by giving security and stability to human affairs'" and to "encourage plaintiffs to bring actions within prescribed deadlines when evidence is fresh and available."  Franklin v. Albert, 381 Mass. 611, 618 (1980), quoting  Wood v. Carpenter, 101 U.S. 135, 139 (1879).  Those purposes were satisfied in this case with the filing of the lawsuit in 2008.  The requirement to file an administrative complaint with the Attorney General's office, on the other hand, is designed simply to provide notice to the Attorney General's office.  Nahagian v. Leonard, 233 F. Supp. 2d 151, 164 (D.Mass. 2002).  That purpose, which is one that the Legislature did not subject to any time limitation, has also been satisfied here.  Ultimately, therefore, the question of whether the administrative complaint requirement is jurisdictional is of no consequence here, because the requirement has been satisfied.

**2.      No Massachusetts or federal appellate court has ruled that a plaintiff's failure to file an administrative complaint with the Massachusetts Attorney General's office is a non-waivable jurisdictional defense, and Jan-Pro has not properly established a basis for dismissal.**

Neither the Massachusetts Appeals Court, the SJC, nor the First Circuit have addressed whether the administrative complaint requirement of M.G.L. c. 149, §150 is jurisdictional.  Standing alone, section 150's establishment of an administrative complaint requirement does not mean that the requirement is

jurisdictional.  After all, there are numerous requirements or preconditions to filing

suit – including statutes of limitations – that have been recognized as non-

jurisdictional under Massachusetts law.  See, e.g., Christo v. Edward G. Boyle

Ins. Agency, Inc., 402 Mass. 815, 817 (1988) (statutory requirement to file

administrative charge of discrimination within prescribed time limit "is in effect a

statute of limitations subject to equitable tolling"); Diamond v. Pappathanasi, 78

Mass. App. Ct. 77, 90 (2010) (pre-suit demand requirement in shareholder

derivative actions is not jurisdictional); Lord v. Commercial Union Ins. Co., 60

Mass. App. Ct. 309, 317 (2004) (demand letter requirement of M.G.L. c. 93A, § 9

is not jurisdictional); Moran v. Mashpee, 17 Mass. App. Ct. 679, 681 (1984)

(presentment requirement of Massachusetts Tort Claims Act is not jurisdictional).

Likewise, under federal law, administrative exhaustion requirements have been

treated as non-jurisdictional, as demonstrated by judicial treatment of the parallel

language of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

That language provides that a person may bring a civil action only (1) after filing

a *timely* administrative charge of discrimination with the U.S. Equal Employment

Opportunity Commission (EEOC) and (2) within 90 days of the EEOC's issuance

of a right-to-sue letter.  42 U.S.C. §§ 2000e-5(e)(1), (f)(1).  Despite the

mandatory nature of these requirements, it has long been recognized that the

requirements are *not* jurisdictional.  See, e.g., Fennell, 770 F. Supp. 2d at 126

("[t]he exhaustion requirement is not jurisdictional") (citations omitted).

        In Molly A. v. Commissioner of Department of Mental Retardation, 69

Mass. App. Ct. 267 (2007), the Massachusetts Appeals Court held that certain

doctrines, *including the requirement to exhaust administrative remedies*, "are [at least in some circumstances] within judicial discretion and are not 'jurisdictional'" where "neither the Legislature nor decisional precedent has clearly made [exhaustion] a jurisdictional prerequisite" for court action. Id. at 275 n.15. In reaching this conclusion, the court recognized that some exhaustion requirements are made jurisdictional through express statutory language. Id., citing Athol Memorial Hosp. v. Commissioner of Div. of Medical Assistance, 437 Mass. 417, 427 (2002) (noting that under M.G.L. c. 118E, § 38, "exhaustion of remedies is a jurisdictional prerequisite to judicial review," where the statute states: "'The provider's right to payment under this chapter *shall be extinguished* if the provider fails to file an appeal within the time prescribed by the division.'") (emphasis added). See also Framingham Sav. Bank v. Turk, 40 Mass. App. Ct. 384, 387 (1996) (noting similarly express language in G.L. c. 244, § 17B). Unlike these statutes, section 150 does not include any express language making the administrative complaint requirement jurisdictional.

More generally, both the SJC and the Massachusetts Appeals Court have recognized that statutory requirements often are referred to as "jurisdictional" even where a more nuanced analysis is warranted. Schulte v. Director of Division of Employment Sec., 369 Mass. 74, 78-79 (1975) (noting party's understandable, but ultimately mistaken, reliance on cases seeming to characterize requirements as affecting "jurisdiction"); Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713, (1996) (noting that trial court judge appears to have been

mistakenly "swayed by references in our case law to the [chapter 93A] demand requirement being 'jurisdictional' in nature.").

Determining whether a statutory requirement is jurisdictional necessitates consideration of the unique purposes of the requirement. <u>Schulte</u>, 369 Mass. at 78-80. <u>See</u> <u>also</u> <u>White v. Director of Div. of Employment Sec.</u>, 395 Mass. 635, 638 (1985) ("Although we have recognized that certain procedural requirements are jurisdictional, … 'recent decisions ameliorate the harshness of a jurisdictional view of such statutes and rules.'") (citations omitted). As the SJC elsewhere observed, "The doctrine of exhaustion of administrative remedies is one of deference to the Legislature where it has expressed its intent that a particular question be *determined* in the first instance by an administrative agency." <u>Athol</u>, 437 Mass. at 426 (emphasis added). Section 150's administrative complaint requirement is not designed to permit the Attorney General's office to *determine* a particular question; it is designed to give the Attorney General notice of possible violations. <u>Nahagian</u>, 233 F. Supp. 2d at 164. Indeed, "there is no requirement that the [Attorney General's office] actually investigate the charges made." <u>Id.</u> In contrast, the requirement that an employee file a charge of discrimination with the Massachusetts Commission Against Discrimination serves a different purpose: "to place potential defendants on notice and to given an opportunity to conciliate any claims before any litigation." <u>Id.</u>, <u>citing</u> <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996). Chapter 151B has built-in investigation and conciliation processes that do not exist in the wage statute. <u>Id.</u>

Here, the usual practice of Depianti's counsel is to file an Attorney General complaint at the outset of all wage and hour cases, and the Attorney General's office consistently issues right-to-sue letters immediately, without any investigation by the Attorney General's office, as demonstrated in this case by the immediate issuance of a right-to-sue letter (on January 19, 2012) following the submission of the wage complaint (signed on January 12, 2012).  (Simpson Decl. ¶ 3).  Faced with limited resources, it is not surprising that the Attorney General's office is content to rely on private counsel for enforcement where private counsel indicates a willingness to take on that role.  As a result, in practical terms, the filing of an administrative complaint with the Attorney General's office in a case such as this one serves no meaningful function; it is an empty administrative hurdle.  Given that Massachusetts law requires consideration of this type of practical reality, <u>Schulte</u>, 369 Mass. at 78-80, the administrative complaint requirement does not rise to the level of a jurisdictional requirement.  To Plaintiffs' knowledge, no court has engaged in a detailed analysis of this issue with respect to Attorney General complaints.

Because the administrative exhaustion requirement is not jurisdictional, it is an affirmative defense that Jan-Pro must properly present and prove, but it has done neither.  <u>Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez</u>, 659 F.3d 42, 50 n.10 (1st Cir. 2011) (With respect to any affirmative defense, "the defendant bears the burden of establishing its applicability. The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence he

provides on that issue is conclusive.").   Jan-Pro's passing assertion of the administrative exhaustion issue in a brief footnote (without citation to any authority) in its lengthy summary judgment motion and, more recently, in a reply brief that was supposed to focus on different issues--and indeed where permission even to file a reply was granted based on Jan-Pro's assertion that it intended to address other issues (ECF No. 128 at 1)--is insufficient to put the issue before this Court.  Strahan v. Roughhead, 2010 WL 4827880, *5 n.5 (D.Mass. Nov. 22, 2010).

In addition, Jan-Pro has failed to provide *any* record evidence to prove that Depianti failed to exhaust his administrative complaint requirements.  It relies on a bald assertion that Depianti has not come forward with evidence of exhaustion, but Depianti was never called upon to do so, and Jan-Pro cannot unilaterally reverse the burden of proof here, well after the proper opportunity to have raised this issue squarely has passed.  The evidence in the record is that Depianti's counsel has a usual practice of filing an administrative complaint at the inception of every wage case but has been unable to locate the original complaint that they believe would have been filed in this case.  Jan-Pro's failure to properly present or support its defense is particularly troublesome given its counsel's admission during the April 24, 2012, hearing that Jan-Pro was making a tactical decision to wait until it was too late – or so it believed – for Depianti to cure any alleged procedural deficiencies.  That delay has plainly prejudiced

Depianti's ability to respond to the allegation that a complaint was not filed back

in 2008 or earlier.[4]

### 3.   As the Court has recognized, in any event, claims for overtime are not subject to any administrative exhaustion requirements.

Section 150 does not govern civil actions for overtime, which are governed

instead by M.G.L. c. 151, § 1B.  Section 1B of the overtime law provides that

> if a person is paid by an employer less than such overtime rate of compensation, the person may institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for the full amount of the overtime rate of compensation less any amount actually paid to him by the employer.

M.G.L. c. 151, § 1B.  Nowhere in section 1B, or anywhere else in the

Massachusetts wage laws, is there a requirement that an overtime claim be filed

with the Attorney General's office.  To Plaintiff's knowledge, and unsurprisingly

given the statutory language, no Massachusetts or federal court has read such a

requirement into the law.  To the contrary, in one of the principal cases on which

Jan-Pro relies, Norceide v. Cambridge Health Alliance, 814 F. Supp. 2d 17

(D.Mass. 2011), the district court did not include the plaintiffs' overtime claims in

---

[4]      Despite these arguments, if the Court is nevertheless inclined to rule that it does not have jurisdiction over Counts II and III of the Amended Complaint, Plaintiffs respectfully request that they be given an opportunity to amend the complaint though the addition of another named plaintiff before the Court certifies questions to the SJC.  A new named plaintiff could then file an Attorney General complaint before being added to this case.   Judge Young provided precisely this type of opportunity in another case, allowing plaintiffs to add a new named plaintiff before certifying the case to the SJC.  See Awuah v. Coverall North America, Inc., 07-10287-WGY (D.Mass.) at ECF No. 301 (motion to amend complaint), 6/28/10 Electronic Order (permitting amendment to add plaintiff), and ECF No. 347 (certifying questions to SJC).  (Following the SJC's answers to the certified questions, Judge Young then certified the case as a class action.)  Indeed, courts routinely have allowed for the addition or substitution of named plaintiffs when there are any questions about adequacy.  See, e.g., Miller v. Mercedes-Benz USA, 2009 WL 1393488, at *1 (C.D. Cal., 2009); Velazquez v. GMAC Mortg. Corp., 2009 WL 2959838, at *3 (C.D. Cal., 2009); Birmingham Steel Corp. v. Tennessee Valley Auth., 353 F.3d 1331 (11th Cir. 2003); Brookhaven Hous. Coal. v. Sampson, 65 F.R.D. 24 (E.D.N.Y.1974) (requiring notice of motion to dismiss for lack of standing be provided to class members for possible substitution as named plaintiff).

its analysis of the administrative exhaustion issue.  Id. at *27-28.  As a result, this Court plainly has jurisdiction over overtime claims.  And because, in order to determine whether Depianti was eligible for overtime, the Court will need to determine if he was Jan-Pro's employee under M.G.L. c. 149, § 148B (regardless of whether he has an independent cause of action under that statute), the Court should still certify the proposed questions to the SJC.

**4.      The Court should certify its first proposed question, as well as a variation on a third question proposed by Jan-Pro**

In its order of April 25, 2012, the Court solicited the parties' input as to whether it should certify to the SJC the first question it proposed (the "right to control" question) even if some of Plaintiffs' claims are subject to dismissal.  For the reasons discussed above, Plaintiffs contend that that no claims are subject to dismissal and that the Court should proceed with certifying both of its proposed questions.  However, in any event, Plaintiffs suggest that the Court should proceed with certifying the first question.[5]

In addition, after further reflection and following the Court's discussion with counsel at the hearing, Plaintiffs now agree with Jan-Pro's request to certify a third question that the Court stated at the hearing it was considering.  As Plaintiffs argued at the hearing, Plaintiffs disagree with Jan-Pro's wording of the question.  Plaintiffs would propose the following alternative wording for this third question:

---

[5]      As noted at the hearing held on April 24, 2012, Plaintiffs may have framed the first question somewhat differently, but have no objection to the Court certifying the question as proposed (though they suggest that the Court invite the Supreme Judicial Court to offer any other answers on Massachusetts law it deems relevant to this case, so that the Court is not constrained to answering the question precisely as framed).

Under this facts of this case, was the plaintiff's work "performed outside the usual course of the business of" the defendant, pursuant to M.G.L. c. 149, § 148B(a)(2)?

## Conclusion

For the reasons discussed above, the Court should reject Jan-Pro's untimely and unsupported contention that this Court lacks jurisdiction, and should proceed to certify questions to the SJC with respect to Counts I though IV of the Amended Complaint.

Respectfully submitted,

GIOVANI DEPIANTI, et al.,
and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Stephen Churchill, BBO #564158
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:  April 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2012, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

14