UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIOVANI DEPIANTI, ET AL., )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>JAN-PRO FRANCHISING )<br>INTERNATIONAL, INC. )<br>    Defendant. ) | C.A. No. 08-10663-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    August 31, 2012

I. INTRODUCTION

    This is a putative national class action brought by cleaning workers against Jan-Pro Franchising International ("JPI"). In essence, the plaintiffs allege that although the defendant purports to sell cleaning franchises, it deceives the purchasers of these franchises about the amount of income they will earn, and misclassifies cleaning workers as independent contractors, thus denying them the protections of wage and other laws. The Amended Complaint asserts claims of unfair and deceptive business practices and misrepresentation (Counts 1 and 4, respectively), misclassification as independent contractors and wage law violations (Counts 2 and 3, respectively), and quantum meruit and unjust enrichment (Counts 5 and 6, respectively).

    JPI's business model is a three-tiered franchise structure. JPI is a master franchisor, the highest tier. JPI sold master franchises to the regional master franchisees ("the master

franchisees"), who comprise the middle tier of the franchise structure. The master franchisees in turn sold cleaning franchises ("unit franchises") to plaintiffs and similarly situated cleaning workers ("unit franchisees"), who are the lowest tier of the franchise structure. Pursuant to these unit franchises, the named plaintiffs performed cleaning work in various locations throughout the United States. Plaintiff Giovani Depianti, of Somerville, Massachusetts, performed cleaning services in Massachusetts and purchased his unit franchise from Bradley Mktg Enterprises, Inc. ("BME"), a master franchisee doing business in Massachusetts.

By agreement, the parties filed motions for summary judgment prior to a decision on class certification. The defendant filed a Motion for Summary Judgment, and the plaintiff filed a Motion for Partial Summary Judgment, on October 16, 2009. Following an April 16, 2010 hearing on these motions, the court took the matter under advisement.

However, the court found that the motions raised questions of Massachusetts law that the Massachusetts Supreme Judicial Court has not decided. First, counts 1 and 4 raise a question about the circumstances under which BME can be deemed to have acted as an agent for its franchisor, defendant JPI. Counts 1 and 4 charge unfair and deceptive business practices in violation of Mass. Gen. Laws ch. 93A and common law misrepresentation, respectively. The alleged conduct relevant to these claims includes such things as:

false promises by master franchisees about the hourly rate of pay and the proximity of cleaning accounts to the unit franchisees' homes; underbidding of accounts by master franchisees, making them unprofitable to clean; the imposition of excessive fees and an unfair refund policy; and the imposition by JPI of quotas regarding the number of unit franchises that a master franchisee must sell, thus encouraging the master franchisees to sell unit franchises even though there is insufficient business.

Because many, though not all, of these allegations refer to conduct of BME, not JPI, it is important for the court to determine whether JPI can be held vicariously liable on the grounds that BME was acting as an agent for JPI. Many courts have adopted a special test for agency in the franchisor-franchisee context. See Kerl v. Dennis Rasmussen, Inc., 682 N.W.2d 328, 337 (Wis. 2004). However, no Massachusetts appellate court has decided whether there is a special standard that is applicable to a claim of vicarious liability of a franchisor for the conduct of a franchisee, and, if so, what that standard is. See Coworx Staffing Services, LLC v. Coleman, 2005436F, 2007 WL 738913, *5 (Mass. Super. Feb. 7, 2007).

In addition, counts 2 and 3 of the complaint raise a question about the proper application of the Massachusetts Independent Contractor statute. As relevant here, that statute provides:

> [A]n individual performing any service . . . shall be considered to be an employee . . . unless:
>
> (1) the individual is free from control and

3

> direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> (2) the service is performed outside the usual course of the business of the employer; and,
>
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws. ch. 149, §148B(a). Because this test appears to assume a "contract" between the putative employer and employee, the claims in this case pose a question about how this test should be applied where there was no direct contractual relationship between JPI and Depianti.

In a September 9, 2011 Order, the Court informed the parties of its intention to certify questions to the Supreme Judicial Court, and required them to propose questions for certification. In submissions in response to the court's Order, the defendant raised a number of objections to the certification of questions to the Supreme Judicial Court.[1] These included the mention, in a

---

[1] In its Motion for Stay of and/or Reconsideration of this Court's September 9, 2011 Order In Light of the Principles of Res Judicata, the defendant argued that res judicata prevented or would soon prevent Depianti from arguing that he was misclassified, because the Court of Appeals of Georgia had already ruled on that question. However, the parties informed the court in January, 2012 that the Supreme Court of Georgia had stayed consideration of the petition for certiorari in that case in light of the anticipated certification of questions to the Supreme Judicial Court in this case. Accordingly, the defendant agreed that the court should not delay certification in this case based on the parallel litigation in Georgia.

September 23, 2011 submission, that Depianti, the only named plaintiff raising a claim of misclassification under Massachusetts law, had not demonstrated that he had exhausted administrative remedies in connection with that claim. The argument that Depianti had not exhausted administrative remedies was first meaningfully presented by the defendant at an April 24, 2012 hearing to discuss the proposed certification and the defendant's objections to it. The defendant then argued that Depianti had not first filed a complaint with the Attorney Generals office, as required by Mass. Gen. Laws ch. 149, §150, and was therefore barred from bringing his misclassification and wage claims in court.

The defendant asserted that it had raised this exhaustion argument in the memorandum in support of its Motion for Summary Judgment. However, that memorandum only states in a footnote, without citation, that "Depianti was also supposed to first file his claim with the Massachusetts Attorney General, and at this point, Depianti has not come forth with any evidence that he did so." Deft's Memo. in Support of Mot'n for S.J. at 13 n.19. Questioned about its failure to develop this argument either in its memorandum or at the hearing on the motions for summary judgment, the defendant's counsel stated, "you don't necessarily tip off to them that they haven't done their case correctly . . . ." April 24, 2012 Tr. at 20. Counsel further stated that, if the defendant had raised the issue earlier, "you're still within a period of time

5

where he could go back and cure this issue and refile against you. We don't want that to happen." Id. at 21.

The court finds that the defendant waived the argument that Depianti failed to exhaust administrative remedies. See Nat'l Foreign Trade Council v. Natsios, 181 F.3d 38, 60 n.17 (1st Cir. 1999) ("We have repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived."). However, the court's independent obligation to ensure its own jurisdiction, see FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), has led it to consider an additional question of Massachusetts law on which the Supreme Judicial Court has not ruled, namely, whether a failure to exhaust administrative remedies as required by Mass. Gen. Laws ch. 149, §150 deprives the court of jurisdiction over any unexhausted claims.

A district court may certify questions to the Supreme Judicial Court "if there are involved in any proceeding before it questions of law of [the Commonwealth of Massachusetts] which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of [Supreme Judicial Court]." Mass. S.J.C. Rule 1:03; see Turner v. City of Boston, 760 F. Supp. 2d 208, 214 (D. Mass. 2011). Because this case raises several such issues, the court is now certifying questions to the Supreme Judicial Court in accordance with Supreme Judicial Court

Rule 1:03.

II. ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. The following questions of law are certified to the Supreme Judicial Court of Massachusetts, pursuant to Supreme Judicial Court Rule 1:03:

> a) Whether a plaintiff's failure to exhaust administrative remedies pursuant to Mass. Gen. Laws ch. 149, §150 by filing a complaint with the Attorney General deprives a court of jurisdiction to consider the plaintiff's claims under Mass. Gen. Laws ch. 149, §§148, 148B, and 150, and under Mass. Gen. Laws ch. 151, §§1 and 1A.
>
> b) Whether and how to apply the "right to control test" for vicarious liability to the franchisor-franchisee relationship. See Coworx, 2007 WL 738913, at *5.
>
> c) Whether a defendant may be liable for employee misclassification under Mass. Gen. Laws ch. 149, §148B, where there was no contract for service between the plaintiff and defendant.

In addition, this court welcomes the guidance of the Supreme Judicial Court of Massachusetts on any other questions of Massachusetts law deemed material to this case.

2. The Clerk of the Court shall forward to the Supreme Judicial Court, under the official seal of this Court, copies of

this Memorandum and Order, and the entire record of this case.

3. The defendant's Motion for Reconsideration or Stay of the September 9, 2011 Order in Light of Principles of Res Judicata (Docket No. 124) is DENIED.

4. The defendant's Motion for Leave to Refile Docket Entry No. 66 (Docket No. 150) is DENIED.

5. The court is DEFERRING consideration of the Plaintiff's Motion to Amend Complaint (Docket No. 145).

6. This case is STAYED pending a response to the certified questions from the Supreme Judicial Court.

                                                       /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE