**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| GIOVANI DEPIANTI, et al., | ) |
| and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 08-10663-MLW |
| v. | ) |
| | ) |
| JAN-PRO FRANCHISING | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

_____ )

**PLAINTIFFS' CONDITIONAL MOTION TO CONSOLIDATE, OR COORDINATE, THIS
CASE WITH SIMILAR "CLEANING FRANCHISE" MISCLASSIFICATION CASES**

There are now pending in this federal district class action cases against four
companies raising identical claims that so-called "cleaning franchise" companies have
misclassified cleaning workers as independent contractors and committed nearly
identical wage violations and other related claims.  These cases are:  Awuah et al. v.
Coverall North America, Inc., D. Mass. Civil Action No. 07-10287-WGY; De Giovanni et
al. v. Jani-King International, Inc. et al., D. Mass. Civil Action No. 07-10066-MLW;[1]
Depianti et al. v. Jan-Pro Franchising International, Inc., D. Mass. Civil Action No. 08-
10663-MLW; and Sola et al. v. CleanNet USA, Inc., D. Mass. Civil Action No. 12-10580-
JLT.  Plaintiffs respectfully file this motion now because they are uncertain as to this
Court's plans regarding the cases currently pending in this session:  Jani-King and Jan-
Pro.  The Court has recently announced that he will be taking senior status as of

---

[1]      Another case related to this Jani-King case was recently filed, Shanley et al. v. Jani-King
International, Inc. et al., D. Mass. Civil Action No. 12-12146-MLW.

January 1, 2013, and will be reducing his civil docket.  If the Court intends to divest itself

of these cases, Plaintiffs respectfully request that the Court consolidate these cases

with <u>Coverall</u> (or reassign these cases to Judge William Young so they may be

coordinated with the <u>Coverall</u> litigation) for the reasons discussed below.  If the Court

intends to retain these cases, then this motion should be disregarded.[2]

      Coincidentally, this exact situation occurred just a year ago, in relation to another

set of nearly-identical cases, when the Honorable Nancy Gertner retired from the bench.

Plaintiffs' counsel had filed a series of cases on behalf of skycap employees challenging

the airlines' imposition of a $2-per bag charge that passengers mistook for the skycaps'

tip.  The first-filed of those cases was assigned to Judge Young, <u>DiFiore v. American</u>

<u>Airlines, Inc.</u>, D. Mass. Civil Action No. 07-10070-WGY, who presided over the case for

several years, presided over a trial[3], and later certified as a national class action a

related case filed against American Airlines after the <u>DiFiore</u> trial, <u>Overka v. American</u>

<u>Airlines, Inc.</u>, D. Mass. Civil Action No. 08-10686-WGY, 265 F.R.D. 14 (D. Mass. 2010).

Meanwhile, Judge Gertner had been assigned the later-filed similar cases of <u>Brown v.</u>

<u>United Air Lines, Inc.</u>, D. Mass. Civil Action No. 08-10689, and <u>Mitchell v. US Airways,</u>

<u>Inc.</u>, D. Mass. Civil Action No. 08-10629, and she presided over those cases for three

years, until her retirement last year.[4]  Prior to her retirement, Plaintiffs' counsel

---

[2]      Plaintiffs are filing this motion with this Court concurrently in the <u>Jani-King</u> and <u>Jan-Pro</u> cases, with a copy filed in the <u>Coverall</u> case as well.

[3]      The plaintiffs in <u>DiFiore</u> prevailed at trial, and their verdict was upheld by the SJC.  <u>See DiFiore et al. v. American Airlines, Inc.</u>, 454 Mass. 486 (2009).  On appeal to the First Circuit, the verdict was later reversed on federal preemption grounds.  <u>See DiFiore et al. v. American Airlines, Inc.</u>, 646 F.3d 81 (1st Cir. 2011), <u>cert denied</u>.

[4]      Those cases led to a series of rulings prior to Judge Gertner's retirement.  <u>See, e.g., United</u>, Docket Entry, Mar. 26, 2009 (denying motion to dismiss on preemption grounds), Docket No. 60 (order granting motion for reconsideration; dismissing case on preemption grounds); Docket No. 69 (mem. &

requested that the United and US Air cases be consolidated with the American cases
and reassigned to Judge Young.  United, Docket No. 83 (Motion to Consolidate Cases);
US Air, Docket No. 147 (Motion to Consolidate Cases).  Ultimately, due to the differing
procedural postures of the cases, as well as the differing defendants in those cases, the
cases were not consolidated.  United and US Air, Docket Entry, Oct. 3, 2011.  They
were, however, reassigned to Judge Young upon Judge Gertner's retirement, and
Judge Young proceeded to "coordinate" them, recognizing the similar legal issues they
presented.  For example, Judge Young heard argument on the motions to dismiss by
both defendants together at the same hearing and issued one decision on those
motions in both cases.  See United, Docket No. 92; US Air, Docket No. 162.[5]

Just as occurred in that set of cases, the same result makes eminent sense from
a judicial efficiency perspective with respect to these cases as well, should this Court be
planning to divest itself of the Jani-King and Jan-Pro cases.  As discussed below, with
some nuances, the fundamental legal issues presented in the cases against all three
companies are identical.  Coordination, if not consolidation, of these cases will allow for
greater efficiencies if the same decision-maker (Judge Young, who has already
presided over two trials, in addition to presiding over determinations of summary

---

ord. granting Pls' motion for reconsideration on preemption issue); US Air, Docket Entry, Sept. 22, 2009
(ord. granting partial motion to dismiss on preemption grounds), Docket No. 131 (mem. & ord. granting
Pls' motion for reconsideration on preemption issue).

[5]     In addition to those skycaps cases against three airlines (American, United, and US Air), there
was an additional skycaps case against JetBlue, that remained assigned to Judge O'Toole following
Judge Gertner's retirement.  See Travers et al. v. Jet Blue Airways Corp., D. Mass. Civil Action No. 08-
10730-GAO.  Similarly, there remains one other cleaning franchise case that is assigned to another
judge, Judge Tauro.  That case is Sola v. CleanNet USA, Inc., D. Mass. Civil Action No. 12-10580-JLT.
Although that case was originally assigned to Judge Young, he recused himself from the case due to his
professional relationship with defense counsel.  See CleanNet, Docket No. 6 (Order of Recusal).  Just as
with the skycaps cases, where certain efficiencies were had by three cases being coordinated together,
these cleaning franchise cases would likewise benefit from the efficiencies of being coordinated together,

judgment, class certification, and damages calculations in the <u>Coverall</u> matter, and is thus extremely familiar with the legal issues presented in these cases) were also charged with presiding over these <u>Jani-King</u> and <u>Jan-Pro</u> cases.  These efficiencies include reducing the burden on the federal court in this district from the alternative possibility of one, or two, additional federal court judges needing to familiarize themselves with the complicated histories and arguments presented in these cases. Further, coordination of these cases will reduce the likelihood of inconsistent rulings, which would only prolong these litigations by making various appeals inevitable.  Finally, to the extent that appeals are necessary in these cases, coordination of the cases may streamline the appeals, and minimize the burden on the First Circuit Court of Appeals, which itself has favored the coordination of the skycaps' cases, as demonstrated by its consolidation of the <u>United</u> and <u>US Air</u> cases for oral argument purposes.  <u>See</u> <u>Brown et al. v. United Air Lines, Inc.</u>, 1st Cir. Appeal No. 12-1543, Order of Court, Oct. 17, 2012.[6]

In support of this motion, Plaintiffs will summarize below the common legal issues presented by these cases, a brief overview of the procedural postures and histories of these cases, and additional legal authority (beyond the identical situation that occurred last year with the skycaps cases) in support of consolidation or coordination of these "cleaning franchise" cases.

## COMMON LEGAL ISSUES PRESENTED BY ALL THREE

---

even though one of the cases, <u>CleanNet</u> (which has not had substantive development) remains pending with another judge.

[6]      As discussed above, Judge Young issued a consolidated decision in the <u>United</u> and <u>US Air</u> cases regarding the question of whether common law claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713, an issue presented in both cases.  <u>United</u>, Docket No. 92; <u>US Air</u>, Docket No. 162. Defendants prevailed, and Plaintiffs appealed in both cases.  The defendants moved for consolidation of the appeals, and Plaintiffs objected to the consolidation.  Nevertheless, even over Plaintiffs' objection, the First Circuit ordered that the cases would be heard together for oral argument.  <u>Brown et al. v. United Air Lines, Inc.</u>, 1st Cir. Appeal No. 12-1543, Order of Court, Oct. 17, 2012.

## "CLEANING FRANCHISE" CASES

The fundamental legal issue presented in all of these cases is the plaintiffs' claim that they were misclassified as independent contractors under Massachusetts law.  In Coverall, Judge Young determined that they were misclassified, as a matter of law, and granted summary judgment to the plaintiffs.  Awuah et al. v. Coverall North America, Inc., 707 F. Supp. 2d 80 (D. Mass. 2010).  Subsequently, this Court reached the same determination in the Jani-King case.  Jani-King, Docket No. 208 (Order granting Pls.' Mot. for S.J. et al.).  Both Coverall and Jani-King have expressed their intent to appeal those decisions.  In the Jan-Pro case, the same issue is presented, though an additional legal determination must first be made regarding whether Jan-Pro's multi-tier "master franchise" structure shields it from the plaintiffs' misclassification claim; that issue is now pending at the SJC.  Jan-Pro, Docket No. 153 (Certification of Questions to Supreme Judicial Court).

In addition to the liability issue, these cases also present the same common question of what damages the plaintiffs may recover on account of their misclassification.  Plaintiffs believe that this fundamental issue was determined by the SJC last summer in its decision in Awuah v. Coverall North America, Inc., 460 Mass. 484 (2011) (holding that, as a result of their misclassification, plaintiffs could recover their franchise fees, fees paid for additional business, and insurance, as well as other damages, for instance on account of late payment of wages and "chargebacks").  However, following that decision, the defendants in both Coverall and Jani-King have raised a host of subsidiary legal arguments regarding the application of that decision and the calculation of the recoverable damages.  Judge Young has heard argument on,

and has issued a series of post-SJC orders regarding, the implementation of the SJC's

decision and has resolved the parties' remaining disputes regarding the calculation of

damages.  See, e.g., Coverall, Docket No. 455 (granting plaintiffs' motion for summary

judgment on damages), Docket No. 462 (Judgment).  Similar issues are expected to be

raised soon in the Jani-King matter.[7]

## OVERVIEW OF PROCEDURAL POSTURES AND HISTORIES OF THESE CASES

Plaintiffs will now provide a brief overview of the current status, and procedural

histories, of these cases.

The Coverall case was filed in 2007 and assigned to Judge Young.[8]  The current

status of the case is that judgment has entered on behalf of a class and the parties are

now awaiting the court's rulings on some final issues relating to the calculation of

damages for the class, after which an amended and final judgment will enter.[9]  Earlier in

---

[7]     In addition to these fundamental issues of liability and damages under Massachusetts wage laws, these cases have other similarities as well.  Most significantly, the cases share some common questions about how the plaintiffs' claims may play out on a national scale.  In all three cases (just as with the coordinated skycaps cases), Plaintiffs' counsel have brought these claims both inside and outside of Massachusetts.  Though the procedural status of the outside-Massachusetts claims differs among the three companies, all the cases present the same issue regarding how these claims may best be handled from an administrative and efficiency perspective.  Under the coordination of a single judge, who is quite familiar with these claims, including the arguments regarding their applicability outside Massachusetts, the workers for these companies will have the best hope of having their claims adjudicated.
      In addition, in all three cases, Plaintiffs have alleged identical common law and deceptive business practices allegations.  Due to the success of the Plaintiffs' misclassification claims under Massachusetts law, it may not be necessary for Plaintiffs to pursue those claims in Massachusetts, but these claims may play a more prominent role in the adjudication of the claims outside Massachusetts.

[8]     That case followed on the heels of another Coverall case, Machado v. Coverall North America, Inc., D. Mass. Civil Action No. 05-11884-MLW, which was assigned to this Court.  The Machado case was resolved on behalf of the named plaintiffs in 2006.  Following the resolution of the Machado case, the SJC issued a ruling in another Coverall case, prosecuted by the Attorney General's office and Greater Boston Legal Services, Coverall North America, Inc. v. Com'r of Div. of Unemployment Assistance, 447 Mass. 852 (2006) (holding that Coverall "franchisee" was employee for purposes of receiving unemployment benefits).

[9]     These issues relate to the calculation of prejudgment interest, as well as to the calculation of damages for some class members who were more recently added to the class.  In addition, the parties in Coverall are continuing to litigate regarding the enforceability of arbitration clauses that Coverall inserted

the litigation, Judge Young granted summary judgment to the plaintiffs on their claim of

misclassification under Section 148B, 707 F. Supp. 2d 80 (D. Mass. 2010), and he

granted class certification (with respect to all workers who did not have an arbitration

clause in their franchise agreement). Coverall, Docket Entry, Sept. 23, 2011. Following

Judge Young's grant of summary judgment to the plaintiffs, he certified the case to the

SJC to resolve the issue of what damages the workers could recover on account of their

misclassification. That certification led to the SJC's decision in Awuah v. Coverall, 460

Mass. 484 (2011).[10]

---

into its franchise agreements in 2004. To date, Judge Young has certified a class to include only those workers who began working for Coverall prior to the implementation of the arbitration provision. Though Judge Young has, to date, held that these arbitration provisions are enforceable, he has stated repeatedly that he is reserving final judgment on that question while waiting to compare how workers who had arbitration agreements fare with arbitration as compared to how workers fare in court. See Coverall, Docket No. 430 at 19 n.8 (Mem. & Ord.) (by using currently certified class "as a 'control' group," the Court "can directly compare the two identically situated groups [workers with and without arbitration clauses] with respect to parameters such as recovery rates and the measure of recovery if any, the access to adjudicatory processes and the barriers thereto, as well as other appropriate parameters. . ."). Plaintiffs' counsel have initiated approximately 100 individual arbitration cases against Coverall, on behalf of workers who were subject to an arbitration clause (which included a class action waiver). Those cases are now pending. Judge Young has stated though that he is inclined to enter separate and final judgment for portions of the Coverall case in order to allow some parts of the case to go on appeal, even while other parts remain pending. Again, were Judge Young to preside over all of these cases, he would be in a position to determine what issues could go on appeal together from the various cases, and manage the cases with an eye toward what process, and order of issues to be addressed, would most efficiently lead the cases to final resolution.

[10]     Also, the plaintiffs in Coverall raised claims on behalf of a national class, with class representatives from several states. In May 2010, Judge Young presided over a trial related to the plaintiffs' non-misclassification claims (i.e., their claims of common law violations and deceptive business practices), including plaintiffs from Massachusetts, Pennsylvania, and Florida. However, that trial (which was a "test case" trial, held prior to the court's ruling on class certification) did not reach a verdict on the merits, as each of the four lead plaintiffs lost based on individualized defenses (including statute of limitations and enforceability of releases they had signed). Following that trial, and without any other non-Massachusetts lead plaintiffs in the case, Judge Young denied Plaintiffs' motion for national class certification, Coverall, Docket Entry, June 28, 2010 (denying motion to certify nationwide class), and ordered that if Plaintiffs' counsel intended to pursue national claims further, they would need to file a new related case. Coverall, Docket Entry, June 28, 2010 (denying motion to amend to add non-Massachusetts claims but holding that "Plaintiffs may, of course, file an independent but related action asserting any claims they may have"). Although Plaintiffs' counsel have not yet filed that related case, they intend to do so shortly.

The Jani-King case was filed in 2008 and assigned to Judge Wolf.  The current status of the case is that the Court has granted summary judgment to the plaintiffs on their misclassification claim, and the next stage of the case will be the adjudication of damages.[11]  Previously, the case was certified as a class action on the misclassification claims.  De Giovanni et al. v. Jani-King International, Inc. et al., 262 F.R.D. 71 (D. Mass. 2009).[12]

The Jan-Pro case was filed in 2008 and assigned to Judge Wolf.  The current status of the case is that the Court has certified questions to the SJC, and the SJC will hear argument in February 2013.  In Jan-Pro, the defendant has argued that it cannot be liable for misclassification due its use of a "multi-tier" "master franchise" system, in which an intermediary entity is the entity that had direct contact with the workers.  The Court has certified the question, among others, to the SJC of whether it is necessary to

---

[11]     Plaintiffs have requested damages discovery from Jani-King and are awaiting its production.  The parties may have disputes regarding the scope of discovery that is appropriate now and the appropriate method for adjudicating damages.  Plaintiffs expect these disputes will be similar to the disputes raised in Coverall after the SJC's ruling on damages last summer.

[12]     Plaintiffs recently filed a related case, Shanley et al. v. Jani-King International, Inc. et al., D. Mass. Civil Action No. 12-12146-MLW, which has been removed to this Court.  They filed this related case because it has been three years since the class was certified in this case, and they did so in order to ensure that the class period would go up to the present, without any potential gap (if, for example, the parties were not able to agree on extending the class period to the present).
         In addition, Plaintiffs' counsel have also raised these same challenges against Jani-King in separate cases in California and Pennsylvania.  In California, the district court granted summary judgment to Jani-King, holding the workers not to be employees under California law based on the "franchise" relationship.  See Juarez v. Jani-King of California, Inc. et al., N.D. Cal. Civil Action No. 3:09-cv-03495-SC, Docket No. 168.  That case will shortly be on appeal to the Ninth Circuit.  In Juarez, the district court previously agreed to certify the issue to the Ninth Circuit under 28 U.S.C. § 1292(b), Docket No. 178, but the Ninth Circuit declined to take the case on an interlocutory appeal.  Docket No. 183.  Now that final judgment has entered, the case will be on appeal shortly to the Ninth Circuit.  In Pennsylvania, Jani-King moved to dismiss three years ago, and the federal court recently (two weeks ago) issued its order denying the motion to dismiss, so the case will now proceed.  Myers et al. v. Jani-King of Philadelphia, Inc. et al., E.D. Pa. Civil Action No. 2:09-cv-01738-RBS, Docket No. 44.

have a contract of service between a worker and a company in order for the worker to

have a misclassification claim against the company.[13]

## FURTHER LEGAL AUTHORITY SUPPORTING CONSOLIDATION OR COORDINATION OF THESE CASES

The Jani-King and Jan-Pro cases raise nearly identical facts and law as the

Coverall case, and it would be an enormous saving of judicial time and resources for

these cases to be managed by the same judge.  Plaintiffs anticipate that the defendants

in these cases will raise a host of arguments as to how and why these cases differ from

one another.  While there are admittedly a number of procedural differences in how the

cases have developed, and what arguments have been raised by the defendants in

each, the fundamental issues in the cases are the same, and the fundamental wrong

that the plaintiffs seek to redress in these cases is the same.

Moreover, consolidation, or coordination, of these cases would avoid the risk of

conflicting rulings in these very similar cases.  As described above, the same general

issues are, or will soon be, facing the courts in all of these cases.

Fed. R. Civ. P. Rule 42 (a) provides:

(a) Consolidation. When actions involving a common question of law or
fact are pending before the court, it may order a joint hearing or trial of any
or all the matters in issue in the actions; it may order all the actions
consolidated; and it may make such orders concerning proceedings therein
that may tend to avoid unnecessary costs or delay.

---

[13]    In Jan-Pro, by agreement, the parties deferred class certification until after a ruling on summary judgment.  Also, Jan-Pro includes national class allegations, with representative plaintiffs from a number of states around the country.  Along with the Jan-Pro case being litigated here, the parties have engaged in parallel litigation in Georgia, in which Jan-Pro sought declaratory judgment against several of the plaintiffs that it was not liable to them for misclassification.  The Georgia Supreme Court has stayed its consideration of the case pending the Massachusetts SJC's ruling.

For consolidation to be ordered, such actions must (1) "involve a common question of law or fact;" and (2) "avoid unnecessary cost or delay." See generally In re: Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). Further, consolidation is within "the broad discretion of the district court." Id. at 1487. In addition, consolidation does not mean that the actions must be tried together, should there need to be trials in any of these cases, because the court may at any time order separate trials under Fed. R. Civ. P. Rule 42(b).  Courts have ordered consolidation under this rule, even where the cases involve different parties.  See Kowalski v. Mommy Gina Tuna Resources, 2008 WL 4753282 at *1 (D. Haw. 2008) (granting consolidation of three cases involving different parties but which "revolved around the same general nucleus of facts").  Moreover, even if different defendants assert different defenses, there is no reason why the judge in a consolidated, or coordinated, action would not be able to resolve specific issues as they relate to a particular defendant or action.  If the cases were managed by the same judge, that judge would be in the best position to determine what issues should be addressed, and in what order, so as to promote efficiencies, including determining what issues that would best move the cases along to final conclusion should be heard together and in what order on appeal.

The Jani-King and Jan-Pro cases raise common and substantially identical questions of law and fact to the Coverall case.  If this Court no longer intends to preside over these cases after January 1, 2013, it would thus be a burden to the judges of this district to process these cases on separate tracks, with separate judges needing to familiarize themselves with the extensive background of these cases, and with each "reinventing the wheel" on various substantive and procedural decisions.  Assigning

these cases to different judges would also increase the risk of inconsistent rulings on identical issues of law, making far more likely the extension of this litigation on appeal.

Accordingly, Plaintiffs submit that it is in the parties' interests, as well as that of the court, to consolidate or coordinate the Jani-King and Jan-Pro cases with Coverall, should this Court choose to divest itself of the Jani-King and Jan-Pro cases following his acceptance of senior status.

Respectfully submitted,

GIOVANI DEPIANTI, <u>et al.</u>,
and all others similarly situated,

By their attorneys,


 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Stephen Churchill, BBO # 564158
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:        December 13, 2012

## CERTIFICATE OF CONFERENCE

        I hereby certify that I conferred with counsel for Defendants regarding the subject matter of this motion and Defendants do not assent to the relief requested herein.


 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

## CERTIFICATE OF SERVICE

        I hereby certify that, on December 13, 2012, a copy of this document was served by electronic filing on all counsel of record.


 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.