**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GIOVANI DEPIANTI et al., and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| | )   Civil Action No. |
| v. | )   08-10663-MLW |
| | ) |
| JAN-PRO FRANCHISING INTERNATIONAL, INC., | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO FILE SUPPLEMENTAL ANSWER/AFFIRMATIVE DEFENSES IDENTIFYING CLAIM PRECLUSION (*RES JUDICATA*) AND ISSUE PRECLUSION (*COLLATERAL ESTOPPEL*) AS ADDITIONAL DEFENSES**

More than five years after this case was filed, and more than six years after Jan-Pro filed a preemptive declaratory judgment case against the lead plaintiff Giovani Depianti, and now after the Massachusetts Supreme Judicial Court has answered certified questions in this case, Jan-Pro now seeks to amend its answer to add additional defenses. The Court should deny the motion. There is no reason for Jan-Pro not to have raised these defenses earlier. The Court has already ruled that Jan-Pro waived an argument (administrative exhaustion) by not raising it in a timely fashion. The Court should likewise reject Jan-Pro's attempt to amend its answer at this late date. And, in any event, as Plaintiffs intend to address further in briefing the parties have proposed submitting to the Court to address the current status of the case in the wake of the SJC's ruling (see Doc. #166), these defenses would be futile.

Leave to amend pleadings is to be "freely given when justice so requires", Fed.R.Civ.P. 15(a), but Rule 8(c), Fed.R.Civ.P., states that a party must set forth all affirmative defenses in the pleadings or these defenses may be deemed waived. In making an exception to a Rule 8(c) waiver, the Court should consider whether there exists undue delay or bad faith on the part of the moving party, prejudice to the non-moving party, or if the amendment is itself futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). The Court "enjoys significant latitude" in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience. ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55–56 (1st Cir.2008). In so doing, the Court must examine "the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose-to act as a safeguard against surprise and unfair prejudice-has been vindicated." Williams v. Ashland Eng'g Co. Inc., 45 F.3d 588, 593 (1st Cir.1995), *abrogated on other grounds by* Carpenters Local Union No. 26 v. United States Fid. & Guar. Co., 215 F.3d 136 (1st Cir.2000). The longer a party waits before filing its motion to amend, the more exacting the standard becomes. Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362, 365 (D. Mass. 2009).

In June 2007, Jan-Pro filed in Georgia state court a complaint for declaratory and injunctive relief seeking to establish that under Massachusetts law, Plaintiff Giovani Depianti was not Jan-Pro's employee. In April 2008, Plaintiffs filed this complaint in this Court. Doc. #1. On January 9, 2009, Jan-Pro filed its answer with this Court. Doc. # 31. Thus, Jan-Pro could have raised the proposed affirmative defenses of claim

preclusion or res judicata more than four years ago.  Instead, Jan-Pro chose to hedge its bet and wait to see how events unfolded over years of litigation.  Because Jan-Pro could have moved to supplement its answer, and because it did not move to supplement its answer during these past four years when it could have, the Court should deny its motion on the ground that Jan-Pro has waived its right to do.

                Respectfully submitted,

                GIOVANI DEPIANTI et al,
                and all others similarly situated,

                By their attorneys,

                _/s/  Shannon Liss-Riordan_____
                Shannon Liss-Riordan, BBO #640716
                LICHTEN & LISS-RIORDAN, P.C.
                100 Cambridge Street, 20th Floor
                Boston, MA 02114
                (617) 994-5800

Dated:      August 7, 2013

## CERTIFICATE OF SERVICE

     I hereby certify that on August 7, 2013, I served a copy of this motion by electronic filing on all counsel of record in this case.

                _/s/  Shannon Liss-Riordan_____
                Shannon Liss-Riordan, Esq.