**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                          )
GIOVANI DEPIANTI et al.,                      )
and all others similarly situated,            )
                                                          )
              Plaintiffs,                            )
                                                          ) Civil Action No. 08-10663-MLW
v.                                                        )
                                                          )
JAN-PRO FRANCHISING                       )
INTERNATIONAL, INC.,                         )
                                                          )
              Defendant.                           )
_____ )

**PLAINTIFFS' REPLY SUPPLEMENT TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT, IN LIGHT OF RULING BY SUPREME JUDICIAL COURT**

Plaintiffs' supplemental brief filed on August 27, 2013 (Doc. 172) addresses most

of the arguments raised in Jan-Pro's supplemental submission (Doc. 174), and Plaintiffs

will not repeat them here.  Plaintiffs do wish to note a few additional points responding

to Jan-Pro's arguments.

First, with respect to Jan-Pro's contention that this Court must follow the Georgia

Court of Appeals decision holding Depianti to be an independent contractor, rather than

Massachusetts courts that have uniformly interpreted the second prong of Mass. Gen.

L. c. 149 § 148B to establish liability when a worker performs services within the usual

course of a putative employer's business (and here, Jan-Pro describes itself as being

"in the business of _operating_ and franchising _comprehensive cleaning and maintenance_

_businesses_," Depianti v. Jan-Pro Franchising International, Inc., 465 Mass. 607, 609

(2013) (emphasis added), and its website describes Jan-Pro as a "commercial cleaning

company", advertising that it has 7,000+ cleaning workers available to service cleaning

accounts,  see Plaintiffs' Reply Brief in Support of Motion for Summary Judgment (Doc. 79), at 4, and Exhibit A to Doc. 79, and Pls.' Fact Stmt. ¶¶ 1-3), Jan-Pro is just wrong.  It appears evident that the Georgia Supreme Court denied certiorari in Jan-Pro's case because the issues raised had already been addressed by the Massachusetts Supreme Judicial Court, and so there was no need for the Supreme Court to take up the case, which would then return to the trial court for further proceedings.  Indeed, back in the Georgia trial court, Jan-Pro has attempted to argue that the Court of Appeals decision is dispositive and that judgment should enter on its declaratory judgment claim against Depianti.  See Exhibit A (Jan-Pro's Brief in Support of Plaintiff's Motion to Reopen Case and Lift Stay, filed Aug. 13, 2013).  However, the trial court does not seem so sure about this assertion.  Depianti opposed Jan-Pro's motion, arguing both that the Georgia court should continue the stay of the matter and allow this Court to enter its ruling on Massachusetts law, and also pointing out that Depianti can still appeal the question of whether the Georgia court even has personal jurisdiction over him (at the end of the matter, even though he chose not to pursue an interlocutory appeal of that question[1]).  See Exhibit B (Defendants' Opposition to Plaintiff's Motion to Reopen Case and Lift Stay, filed September 13, 2013).  After Depianti's filing, the Georgia court indicated that Depianti (and his co-defendant/plaintiff Hyun Ki Kim) "raise some important issues in

---

[1]     Although Jan-Pro pursued an interlocutory appeal of the Georgia trial court's summary judgment ruling, there was no requirement that Depianti appeal the jurisdictional issue at the same time.  Under Georgia law, a party is not required to pursue an interlocutory appeal (and the Appeals Court need not accept such an appeal).  Ga. Code § 5-6-34(b).  As a result, Depianti may still appeal the personal jurisdiction ruling, after final judgment, or sooner if the Georgia court allows.  Ga. Code §§ 5-6-33, 5-6-34(a).  Under OCGA § 9-11-60(d)(1), (f), a person may bring a motion to set aside a judgment as void for lack of jurisdiction of the person "at any time."  Hoesch Am., Inc. v. Dai Yang Metal Co., Ltd., 217 Ga. App. 845, 847 (Ga. Ct. App. 1995).

their Opposition to Plaintiff's Motion to Reopen Case and Lift Stay" and invited a further responsive brief from Jan-Pro.  See Exhibit C (e-mail from Elizabeth Baum, Staff Attorney to the Honorable Cynthia D. Wright).

This Court can and should stop this merry-go-round, by ruling on the parties' cross-motions for summary judgment.  With the answer of the Massachusetts Supreme Judicial Court having addressed the Court's main concern regarding the lack of a direct contract between Jan-Pro and the cleaning workers, the Court should grant Plaintiffs' Motion for Partial Summary Judgment and hold Jan-Pro liable under § 148B.  If the Court has any concern about the suitability of Depianti as a lead plaintiff for some reason, there is ample authority for the Court to allow substitution of another lead plaintiff.[2]  The case could then proceed to class certification and damages calculations for the Massachusetts workers[3], and addressing the claims of the workers from other states.

---

[2]      Jan-Pro protests that discovery closed in 2009 and summary judgment was argued in 2010 and so it is too late for other plaintiffs to be added.  The plaintiff class here, however, should not be prejudiced by the mere fact that this case has taken a long time to work its way through the court.  As cited in Plaintiffs' briefs, substitution of alternate lead plaintiffs is commonplace in class action litigation.  And the two proposed substitute named plaintiffs both worked within the statute of limitations, given that the filing of the class action complaint tolled the statute of limitations for class members under American Pipe and Construction Co. v. Utah, 415 U.S. 952 (1974), and one, as Jan-Pro acknowledges, worked within the last three years, and thus is timely even if the Court for some reason did not apply American Pipe tolling to their claims.

[3]      Jan-Pro argues that Depianti does not have any damages, since he paid for his franchise in 2003, which is more than three years before the filing of this complaint.
First, the Court is not yet addressing damage questions, but only liability, so this argument is premature.  (The portion of § 148B, and the Attorney General's advisory that Jan-Pro cites, which purports to require a violation of another statutory provision in order to establish liability under § 148B applies only to the Attorney General's enforcement of the statute, not private enforcement under § 150.  See Amero v. Townsend Oil Co., Essex C. A. No. 2007-01080 (Mass. Super. Apr. 21, 2009) (rejecting argument that violation of § 148B requires violation of another provision, since such a holding would render "section 150 . . . superfluous to

With respect to Plaintiffs' claims for Chapter 93A violations (pled in the alternative to the § 148B claims), as well as common law claims, the SJC's decision likewise supports the maintenance of these claims against Jan-Pro, since Plaintiffs do contend that Jan-Pro was responsible for the instrumentality of the harm they suffered.  As described through their complaint and summary judgment briefing, Plaintiffs contend that it was Jan-Pro that established a system whereby cleaning workers would be charged for cleaning accounts that simply could not be provided.  Through a variety of means (including never offering accounts of the nature that had been promised, or that were underbid and not profitable, or that were then churned, i.e. taken away on a pretext so they could be sold to the next franchisee), the master franchisee implemented a system created by Jan-Pro that essentially guaranteed that the great majority of workers would not receive what they had paid for (a viable cleaning business).  It is not necessary for the plaintiffs to show that Jan-Pro itself implemented each detail of how its scheme was carried out; a jury can find that Jan-Pro created the instrumentality of the harm through the system Jan-Pro set up (whereby "master franchisees" would sell these cleaning franchises and accounts, and would be required

---

the extent it includes section 148B among the sections the violation of which gives rise to a private cause of action for employees")  (Exhibit D, at 7)).

Second, at the damages stage, Depianti will be able to show that he does have timely damages; although his initial franchise fee payment was made outside the statute of limitations, the record shows that he suffered other damages, including charges for insurance, within the three years before the filing of the complaint.  See Plaintiffs' Statement of Material Facts (Doc. 76), Exhibit 14, at 4-5 (Depianti pay statements), Exhibit 15 (Depianti affidavit that he continued working for Jan-Pro through at least 2007); Awuah et al v. Coverall North America, 460 Mass. 484 (2011) (misclassified cleaning workers could recover as wage damages franchise fees they paid, as well as other damages, including insurance payments).

And finally, Jan-Pro argues that Depianti did not suffer any damages because he simply paid other workers to do the cleaning work.  This is not correct: Depianti did cleaning work himself, as well as having others help him do the work.  Indeed, in the Coverall case, the court awarded damages to workers who did work themselves, as well as paid other workers to help them with the cleaning.  See Awuah et al v. Coverall North America, C.A. No. 07-10287 (D. Mass. 2013) (Doc. 598).

to sell a certain amount of franchises, and where Jan-Pro knew or should have known that these tactics were being used to deprive the purchasers of what they were expecting when they paid these fees).  Again, these claims are argued in the alternative to the misclassification claims, and Plaintiffs may well not need to press them, but should the Court address them now, it should deny Jan-Pro's motion for summary judgment.

For the reasons discussed here, in Plaintiffs' supplemental brief (Doc. 172), and Plaintiffs' briefing on summary judgment, the Court should grant Plaintiffs' motion for partial summary judgment and deny Jan-Pro's motion for summary judgment.

Respectfully submitted,
GIOVANI DEPIANTI, et al.,
and all others similarly situated,

By their attorneys,


/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:  October 8, 2013


## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2013, a copy of this document was served by electronic filing on all counsel of record.


/s/ Shannon Liss-Riordan
Shannon Liss-Riordan