# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| GIOVANI DEPIANTI et al, | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 08-10663-MLW |
| v. | ) | |
| | ) | |
| JAN-PRO FRANCHISING | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____ )

## PLAINTIFFS' MOTION TO SEVER AND TRANSFER OUT-OF-STATE CLAIMS

After six years of litigation, this case has reached a cross-roads.  As set forth below, Plaintiffs have a proposal to bring this matter to a close, allow lead plaintiff Giovani Depianti to pursue an appeal of the Court's recent ruling granting summary judgment to Defendant on Depianti's claim that he (like other workers in Massachusetts) was misclassified in violation of Mass. Gen. L. c. 149 § 148B, and allow the California plaintiffs who have brought claims under the law of California to pursue their claims back in their home state.

The parties are in the process of resolving the claim for the plaintiffs from other states, including Texas and New Mexico (including Chiara Harris, Nicole Rhodes, and Mateo Garduno).  Plaintiff Depianti intends to dismiss his claims brought under chapter 93A and unjust enrichment, which (if this matter were closed) would clear the way for him to appeal the Court's ruling on his claim brought under § 148B.  Thus, the only claims that would remain in this litigation are the claims of three workers from California, who have brought claims on

behalf of a California class.  For the reasons set forth below, Plaintiffs request that the Court sever and transfer these claims to California.  Doing so would assist in moving this case closer to finality, allow Depianti to pursue his appeal without delay, and allow the plaintiffs who have brought claims under California law to move forward with their claims now, also without further delay.

Thus, Plaintiffs hereby move to sever and transfer to California the remaining claims of Plaintiffs Gerardo Vazquez, Gloria Roman, and Juan Aguilar, which are based on the laws of California.  Now that this case no longer entails a proposed nationwide class action against Jan-Pro Franchising International, Inc. (as originally filed), and given that the remaining claims solely address California law, this Court should exercise its broad discretion to sever and transfer these claims to federal court in California, as such a transfer would allow for more expeditious review of the claims on their merits in a forum that is more convenient for them, more familiar with California substantive law, and which has a greater interest in the issues to be decided.  For these reasons, as discussed further below, Plaintiffs respectfully request that the Court grant this motion.

## **BACKGROUND**

Plaintiffs initially filed this action against Jan-Pro Franchising International, Inc. ("Jan-Pro"), on April 18, 2008, as a proposed nationwide class action.  The case was originally filed with named plaintiffs Giovani Depianti, from Massachusetts, and Hyun Ki Kim and Kyu Jin Roh, from New Jersey and Pennsylvania.  Plaintiffs contended that they were illegally misclassified as independent contractors, and also had been the victims of widespread and systemic misrepresentations and breaches of contract in their relations with Jan-

Pro.  See Dkt. 1.  Plaintiffs later amended their complaint on December 12, 2008, to add additional lead plaintiffs who worked in California, New Mexico, Florida, and Texas.  See Dkt. 29 at 2-3.  In April 2010, the Court proposed, and the parties agreed, that it would first address the claims brought under Massachusetts law.  See Dkt. 97.  Ultimately, the Massachusetts claims were certified to the Supreme Judicial Court, which issued its ruling in 2013.  See Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607 (2013).  While the Massachusetts claims were being litigated, the plaintiffs from New Jersey, Pennsylvania, and Florida resolved their disputes and/or stipulated to the dismissal of their claims.[1]

On August 22, 2014, this Court ruled on the Massachusetts claims, denying Plaintiffs' motion for partial summary judgment under Mass. Gen. L. c. 149 § 148B, granting Jan-Pro's motion for summary judgment on that claim, but denying Jan-Pro's motion for summary judgment on the Massachusetts unjust enrichment and Chapter 93A claims.  See Dkt. 191.  The Massachusetts plaintiff, Giovani Depianti, intends to dismiss his surviving claims and pursue an appeal of the Court's ruling on the claim brought under § 148B.

Plaintiffs are in the process now of resolving the claims of Nicole Rhodes and Mateo Garduno (the New Mexico plaintiffs) and Chiara Harris (the Texas plaintiff), and expect those claims to be dismissed shortly as well.

---

[1]     Mr. Kim's claims were dismissed on November 18, 2013. See Dkt. 179.  Mr. Sinapov's claims were dismissed on November 27, 2013. See Dkt. 180.  Mr. Roh's claims were dismissed on January 16, 2014.  See Dkt. 188.

Thus, the only claims that would now remain in the case are those of the California plaintiffs.  These plaintiffs originally joined in this action filed in Massachusetts, based on the case having been pled as a nationwide class action against Jan-Pro Franchising International, Inc.  Now that the claims of the named plaintiffs from all other states have been, or are in the process of being, adjudicated or dismissed, it makes little sense for the claims of just the California plaintiffs to remain in this forum.  Plaintiffs thus respectfully request that the Court sever these claims and transfer them to a federal court in the Northern District of California so that they may be adjudicated expeditiously.  This course would also allow Plaintiff Depianti to pursue an appeal to the First Circuit without needing to await the adjudication of the California plaintiffs' claims.

## ARGUMENT

Fed. R. Civ. P. 21 permits a court to sever claims "on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003). "Whether to separate parties or claims is a case management decision peculiarly within the discretion of the trial court." Lampron v. Grp. Life Ins. & Disability Plan of United Technologies Corp., 2013 WL 2237854, *2 (D. Me. May 21, 2013) (quoting Acevedo-Garcia, 351 F.3d at 558).  Furthermore, "a trial court has the discretion to transfer any case where an alternative forum is available which is both fair and convenient to the parties and the court." Pixel Enhancement Labs., Inc. v. McGee, 1998 WL 518187, *3 (D. Mass. Aug. 5, 1998) (citing Mercier v. Sheraton Intern., Inc., 981 F.2d 1345, 1349 (1st Cir.1992)); see also First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir.1989) ("Balancing factors of

convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum"). Here, this Court should sever and transfer the remaining California claims to a California court.

## I.  Severance Of The California Claims Is Appropriate.

In deciding whether to sever claims, courts consider a number of factors, including, "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., 2013 WL 1755200, *4 (D. Mass. Apr. 24, 2013).  Here, these factors support severance and transfer of the California-based claims because transfer will prevent further delay while Depianti's remaining claims are appealed in the First Circuit, will avoid any prejudicial confusion caused by the application of different state laws, and may facilitate settlement.  Further, the facts related to the claims of the California plaintiffs are based on occurrences that took place in California, distinct from the specific facts underlying Depianti's claims in Massachusetts.

A number of courts facing similar cases involving out-of-state plaintiffs have reached this same conclusion, leading them to sever and transfer such claims to the out-of-state Plaintiffs' home states.  For example, in Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 261 (D. Conn. 2012), the court

granted a motion to sever and transfer the claims of "thirty-five non-Connecticut plaintiffs and transfer their claims to the six other states in which they reside." The court concluded that "Plaintiffs' claims arise out of their employment in different Home Depot stores, in different states, under different circumstances" such that they did not truly arise from the same transaction or occurrence, even if the claims did relate to common questions of law or fact regarding their classification under the FLSA.  Id. at 264.  Other cases in which courts have granted requests to sever and transfer claims of plaintiffs from different states include: Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000); Adams v. U.S. Bank, NA, 2013 WL 5437060, at *4 (E.D. N.Y. Sept. 27, 2013); Wilkes v. Genzyme Corp., 2011 WL 1790685, at *2 (D. Md. May 10, 2011); Henderson v. AT & T Corp., 918 F. Supp. 1059, 1061 (S.D. Tex. 1996).

As in these cases, the California plaintiffs here have brought claims under the laws of a different state and may be prejudiced by the confusion of applying their state's laws (with which this Court may have less familiarity than a federal court sitting in California).  Moreover, given that they are no longer part of a putative nationwide class action, for efficiency purposes, it no longer makes sense for their claims to be adjudicated across the country.  It would be far more convenient for them to have their claims adjudicated where they reside, and where the occurrences at issue took place, in California.

## II.    Transfer of the California Claims is Appropriate.

"District courts enjoy considerable discretion in deciding whether to transfer a case pursuant to section 1404(a)." Morin v. Engelberth Const., Inc.,

1994 WL 287727, *1 (D.N.H. June 29, 1994).  Section 1404(a) is intended "to prevent waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964).  In deciding whether to transfer a case under 28 U.S.C. § 1404(a), courts typically engage in a two-part inquiry, asking: "(1) whether the action might have been brought in the proposed transferee forum, and, if so, (2) whether the transfer promotes convenience and justice." <u>Nelson v. Myrtle Beach Collegiate Summer Baseball League, LLC</u>, 2013 WL 6273890, *9 (D. Conn. Dec. 4, 2013).  Here, the case clearly could have been brought by the California plaintiffs in a federal district court in California because the events giving rise to their claims all occurred in California, where these plaintiffs reside. Because the answer to this threshold question is yes, the Court should consider whether a transfer to California promotes convenience and justice.

Courts evaluate a number of factors in deciding whether claims should be transferred to another district.  In general a court will consider "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of the operative facts and the relative ease of access to the sources of proof; (5) the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having case tried by forum familiar with substantive law to be applied; (9) any practical difficulties; (10) and how best to serve the interests of justice." <u>Pixel Enhancement Labs., Inc.</u>, 1998 WL 518187, *3 (D. Mass. Aug. 5, 1998) (citing <u>Laumann Mfg. Corp. v. Castings USA, Inc.</u>, 913 F. Supp. 712, 720

(E.D.N.Y. 1996)).  Here, these factors clearly cut in favor of transferring the California claims.  The transfer would promote convenience and justice because many fact witnesses related to the California claims will be located in California along with the plaintiffs themselves, and because a transfer would allow the California plaintiffs to have their claims adjudicated expeditiously on the merits by a court familiar with California substantive law and would cause minimal prejudice to Jan-Pro, which is based in Georgia and has no more ties to Massachusetts than it does to California.

Plaintiffs expect that Jan-Pro will object to the timing of this motion. However, the "mere passage of time or delay is not alone sufficient to deny a motion to transfer." Blumenthal v. Mgmt. Assistance, Inc., 480 F. Supp. 470, 471 (N.D. Ill. 1979) (noting that although "defendant has waited three years to bring this transfer motion . . . the delay in filing of the motion is not by itself enough to necessitate its denial"); see also Am. Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 261 (W.D. Mo. 1980) (holding that "[a]lthough in this complex civil action the plaintiff has delayed four years in making its motion for transfer, no showing has been made that the delay was a dilatory tactic, or that the defendant would be prejudiced solely because of the delay" and therefore the motion was timely).  Indeed, the California plaintiffs have chosen to move for severance and transfer at this juncture because it is only now that it has become clear that their claims are no longer a part of a multi-state class action, and thus it no longer makes sense for their claims to be adjudicated across the country.

**1.  The convenience of the parties and witnesses.**

Factors one, two, and five clearly favor a transfer because the convenience of the parties and the attendance of witnesses would be easier in a federal court in California.  Plaintiffs Gerardo Vazquez, Gloria Roman, and Juan Aguilar all performed work in California and interacted with Jan-Pro's "master franchisees" within the state of California.  Thus, California is clearly more convenient for the plaintiffs and most fact witnesses.  Furthermore, California is hardly less convenient than Massachusetts for Jan-Pro, which is a Georgia-based company.  See Dkt. 67 (Defs' Statement of Facts in Support of Summary Judgment) at ¶1.

**2.  The relative means of the parties.**

Factor three – the relative means of the parties – also cuts strongly in favor of transferring the case to California.  Numerous courts have recognized that "[w]here a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." 800–Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 135 (S.D.N.Y.1994).  Here, the three named plaintiffs from California are cleaning workers of modest means, whereas Jan-Pro Franchising International, Inc. is a large corporation that already does business throughout the state. See Dkt. 76-5 (listing ten different locations in the state of California).[2]  Thus, severing and

---

[2]      See Dkt. 76-5, listing the following California "Jan-Pro locations": Jan-Pro Cleaning Systems of Southern CA, Jan-Pro West, Jan-Pro of Riverside, Jan-Pro of the Greater Bay Area, Jan-Pro of Silicon Valley, Jan-Pro of San Diego, Jan-Pro of Central Coast, Jan-Pro Cleaning

transferring the claims to a federal court in California would alleviate the costs to the low-income cleaning workers who reside there and would not present any appreciable hurdle to Jan-Pro.  The fact that these plaintiffs initially brought the suit in Massachusetts rather than California makes no difference.  See Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 400-01 (S.D.N.Y. 2010) (noting that where the Plaintiff "is a Texas resident, [] presumably litigating in Texas is the less costly option for him" as opposed to continuing the case in New York where he filed it).

**3. The locus of the operative facts and sources of proof.**

There can be no doubt that with respect to the California plaintiffs, the "locus of operative facts" is California, where the plaintiffs entered into contracts with Jan-Pro's California-based "master franchisees" and performed all of their work at issue in this case.  See Blechman v. Ideal Health, Inc., 668 F. Supp. 2d 399, 405 (E.D.N.Y. 2009) (noting that "Massachusetts appears to be the locus of operative facts" where the plaintiff's "previous employer, has its primary place of business in Massachusetts, [and the plaintiff] negotiated his employment in Massachusetts, [and] . . . clearly availed himself to Massachusetts law").  Thus, witnesses and other sources of proof will be located in California, not Massachusetts, and this factor cuts in favor of transferring the case as well.

---

Systems of Sacramento, Jan-Pro Cleaning Systems of Ontario, CA and Jan-Pro of San Francisco.

**4. The desirability of having the case tried by a forum familiar with substantive law to be applied.**

Many courts have recognized that the "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Kafack v. Primerica Life Ins. Co., 934 F.Supp. 3, 8 (D.D.C.1996); see also Lentz v. Eli Lilly & Co., 464 F. Supp. 2d 35, 37-38 (D.D.C. 2006) (approving transfer of claims to district court in Maine where "Maine has a greater interest than the District of Columbia in adjudicating the personal injury claims of Maine citizens under its own tort law"); Blechman v. Ideal Health, Inc., 668 F. Supp. 2d 399, 405 (E.D.N.Y. 2009) (granting a motion to transfer to a district court in Massachusetts where "Massachusetts appears to be the locus of operative facts, [] Massachusetts state law governs many, if not all of the agreements between the parties; . . . [and] Massachusetts would be more familiar with the substantive law to be applied"); Brown v. New York, 947 F. Supp. 2d 317, 325 (E.D.N.Y. 2013) (granting motion to transfer where the "the transferee forum's familiarity with the substantive law to be applied, trial efficiency, and the interests of justice weigh heavily in favor of transfer").  As these cases recognize, a California district court will have more familiarity with the application of California law to these plaintiffs' claims, and California "has a greater interest than [Massachusetts] in adjudicating the … claims of [California] citizens under its own [] law."  Blechman v, 668 F. Supp. 2d at 405.  For these reasons, this factor cuts strongly in favor of transferring the California-based claims.

### 5.  The interests of justice.

Finally, the interests of justice would clearly be served by severing and transferring the California claims because it would allow the claims to be heard on the merits by a court that has the greatest interest in the outcome and which is more familiar with California substantive law.  To date, the California plaintiffs have already waited almost six years for the merits of their claims to be heard, and this Court is, in practicality, no further along in adjudicating their claims than a federal court would be in California starting anew.[3]

### <u>CONCLUSION</u>

For these reasons, Plaintiffs respectfully request that this Court sever and transfer the claims of the California plaintiffs to the Northern district of California.  Such an order would promote judicial efficiency, as it would allow Plaintiff Depianti to proceed with his appeal without delay, would allow the California plaintiffs to pursue their claims back in their home state where they and pertinent witnesses to their claims reside, and would bring a close to this long-pending matter in this Court.

---

[3]  Given the length of time that has passed since the parties briefed summary judgment, updated briefing would certainly be needed on the California claims, and as the Court noted at the summary judgment hearing held in 2010, the parties did not give particular focus to the laws of other states in their initial briefing on summary judgment.  Thus, for all practical purposes, these claims need to be re-briefed wherever they will now be heard.

Respectfully submitted,

GIOVANI DEPIANTI et al,
and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com

Dated:  September 22, 2014

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendant regarding the subject matter of this motion, and the parties were not able to reach agreement.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan